## MURDOCK *vs.* ROUSSEAU'S ADMINISTRATOR.

[ACTION ON PROMISSORY NOTE BY ASSIGNEE AGAINST MAKER.]

1. *Filing claims against insolvent estate.*—A claim on which a suit is pending when the debtor's estate is declared insolvent, must be filed like other claims, (Code, § 1847,) within nine months after the declaration of insolvency. (WALKER, J. *dissenting.*)

2. *Effect of failure to file claim.*—A claim against an insolvent estate, not filed within the time required by law, (Code, § 1847,) is "forever barred," and destroyed as a subsisting debt.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. E. W. PETTUS.

THIS action was brought by Robert B. Murdock, against James Rousseau; was commenced in August, 1854, and was founded on the defendant's two promissory notes, dated 7th January, 1854, and payable four and six months after date to the order of Strang, Murray & Bruster, by whom they were transferred to the plaintiff. The defendant having died, the suit was revived by *scire facias* against his executor and executrix; and his estate having been reported and declared insolvent, a *scire facias* was issued to William E. Barnett, the administrator *de bonis non*, to show cause why the action should not be revived against him. The administrator *de bonis non* appeared, and filed four pleas "for answer to the complaint," the last of which was as follows: "That the estate of said decedent was decreed to be insolvent by the probate court of said county on the 8th October, 1855; and the plaintiff has not filed his said demand against the estate of the said decedent within nine months from the time when said estate was so declared and decreed insolvent, and that the same has never been filed in said court." The plaintiff demurred to this plea, on the following grounds: "1. That this suit was commenced and instituted by the plaintiff, against the said decedent in his lifetime, and, after his death, his representatives were duly made parties; and

that, after said estate was decreed insolvent, the administrator elected by the creditors was made a party; that said suit has been pending, from before the death of said James Rousseau, until the present time; and that the facts stated in said plea are not a sufficient bar to a recovery. 2. That said estate was decreed insolvent after the commencement of this suit, and can only be pleaded *puis darrein continuance.* 3. That said plea presents no sufficient defense in law, but presents an immaterial issue." The court overruled the demurrer, and the plaintiff then replied as follows: "That this suit was commenced and instituted against the said decedent, at the fall term, 1854; that the said decedent afterwards died, and his representatives were thereafter duly made parties defendant to said suit; that afterwards, to-wit, on the 8th October, 1855, the estate of said decedent was decreed insolvent by said probate court, and William E. Barnett was appointed by said court administrator *de bonis non* of said estate, and, at this term of the court, was made a party defendant to the suit." The court sustained a demurrer to this replication, and the plaintiff was thereupon compelled to take a nonsuit, with a bill of exceptions; and he now moves to set aside the nonsuit, and assigns as error the rulings of the court on the pleadings.

CLOPTON & LIGON, for the appellant.

JOHN A. LEWIS, *contra.*

STONE, J.—The majority of this court think there is no error in this record. In McDougald's Adm'r v. Dawson, the writer of this opinion expressed his disapprobation of one principle announced in the case of McDougald's Adm'r v. Rutherford.—See those cases in 30 Ala. 253, 553. Ch. J. Rice concurs in the opinion expressed by the writer in McDougald's Adm'r v. Dawson.

In Carhart, Brothers & Co. v. Clark's Adm'r, and Lay v. Clark's Adm'r, decided at the last term, we considered the distinction between section 1847 of the Code, and the act of 1843. We held, that, under the Code, verification

was a necessary part of every valid filing within the nine months.

Another distinction exists between the act of 1843 and section 1847 of the Code. Under the former, the bar was raised by implication; and we think it is only operative against the allowance of the claim in the proceedings in insolvency. The bar provided by the Code is positive. Its language is, that a claim not *filed, verified,* &c., is "forever barred." We think the effect of this language is to destroy the claim as a subsisting debt.—Hunt v. Fay, 7 Vt. 170; McCollum v. Hinkley, 9 Vt. 143; Judge of Probate v. Brooks, 5 N. H. 82.

We do not concur with Judge Walker in holding, that a party whose claim is in suit at the time of the declaration of insolvency is relieved from filing his claim until after judgment rendered, independent of the time which may intervene between the declaration of insolvency and the rendition of the judgment. We hold, that section 1860 does not affect or modify section 1847. Its policy was not to enlarge the time of filing, but to limit, in the given case, the area of contestation, by providing that in case the claim filed is a judgment, no objection to the justness of the claim can be entertained, unless the judgment be "shown to have been obtained by collusion." The language of said section 1860, which speaks of "a certified copy of such judgment being filed as a claim against the estate," must be understood to refer to the *filing verified,* &c., "within nine months," provided for in section 1847 of the Code.

We hold, then, that *all* claims against insolvent estates, save those specified and expressly excepted in the Code, must be filed, *verified,* within nine months after the declaration of insolvency.

The demurrer to the plea specifies no ground which is available.—Sadler v. Fisher, 3 Ala. 200; Burns v. Hindman, 7 Ala. 531.

Judgment affirmed.

WALKER, J.—Is the failure to file in the probate court, within nine months after the declaration of insolv-

ency, a claim against an estate, a bar to a suit in the circuit court on that claim, pending before the report of insolvency? This question I answer in the negative. Under the old law I held, in the two cases of McDougald's Adm'r against Rutherford and Dawson, 30 Ala. 253, 553, that the law did not require a claim, upon which suit in the circuit court was pending at the time of the report of insolvency, to be filed until after the rendition of judgment. Further reflection has strengthened the opinion expressed by me in those cases. Under the Code, I find the reasons for the same conclusion, if possible, stronger than those which grew out of the old law.

Sections 1858, 1859, and 1860 of the Code require, that if an estate be *reported* insolvent, pending a suit against the administrator, the suit shall be continued until the *report* of insolvency shall be disposed of; that after the estate has been *declared* insolvent, the administrator may plead that fact specially; that the other issues besides that upon the declaration of insolvency shall be tried, and judgment rendered upon them; that if the judgment upon the issues so tried be in favor of the plaintiff, and the court finds that the estate has been declared insolvent, then no execution is to issue upon the judgment, but a certified copy is to be filed in the probate court, and upon being so filed "it must be allowed, with the costs, against such estate, unless shown to have been obtained by collusion."

Section 1847, in general terms, declares that the failure to file claims against an insolvent estate shall forever bar them. I do not think this section was intended to embrace those claims upon which suits were pending at the time of the report of insolvency, notwithstanding its language is broad enough to accomplish that object. All the sections of the Code in reference to insolvent estates are intended to constitute a system, and are to be construed in reference to each other. If claims in suit when the estate is reported insolvent are required to be filed, the harmony of the different sections will be destroyed. Section 1853 directs, that if no opposition is offered within twelve months, a claim filed "must be allowed against

the estate without further proof." Section 1854 authorizes every creditor, or the administrator, to object " *to any claim filed against the estate,*" and provides for making up an issue in the probate court as to the correctness of a claim, and directs that the claim shall be allowed or rejected according to the decision of the issue so made up. These two sections last named, and sections 1859 and 1860, can not be carried into effect without conflict and confusion, if claims in suit at the report of insolvency are required to be filed in the probate court. Sections 1859 and 1860 give a right to a trial of the correctness of the claim in the circuit court. Section 1853 imperatively requires its allowance, if not objected to in twelve months. If the administrator should fail to object to the claim in twelve months, and should nevertheless defeat it in the circuit court, one law would require its allowance because of the omission to make objection in the probate court within twelve months, the other would require its rejection because there was a decision adverse to it in the circuit court. The administrator must object to the claim, or lapse of time will operate a judgment in favor of it. If he objects to it, section 1854 imperatively requires the probate court to make up an issue upon and try the correctness of the claim. It would thus follow, that the administrator would be compelled by a failure to object to have an allowance of the claim, or by objecting to have a trial upon the correctness of the claim in the probate court, when one was already pending in the circuit court. There must be a trial in the probate court, whenever an objection is made by the administrator or a creditor to a claim on file. The statute is imperative, and allows no other conclusion, unless its language is perverted, or an exception engrafted upon it. If the claim is required to be filed, there must, therefore, be two proceedings to test the correctness of the claim in distinct tribunals, in both of which final and conflicting judgments may be rendered.

But suppose the claim should not be filed in the probate court in nine months, and the claimant should recover a judgment in the circuit court; could the probate court,

upon the presentation of the certified copy in pursuance to section 1860, reject the claim, because it was not filed within nine months? It certainly could not, without a palpable violation of that part of section 1860 which says that "upon a certified copy of such judgment being filed as a claim against the estate, it must be allowed with the costs against such estate, unless shown to have been obtained by collusion." This part of the law closes the door for the contest of the claim after judgment is obtained, on any ground except that it was obtained by collusion. A judgment so certified could not be disputed upon the ground that it was not filed in the probate court. Yet the statute distinctly makes the failure to file claims, required to be filed, a fatal objection to them.

The reason for requiring other claims to be filed in the probate court does not apply to those in suit. The object of the filing is to give the administrator and the creditors notice of each claim, its amount and character, and to provide for its contestation. If the claim is already in suit, the purposes of notification and contestation are already provided for. Again: claims against an estate are required, when filed, to be verified by oath. If a claim in suit must be filed, it must also be sworn to. What reason can there be for requiring a verification by oath of a claim, which can never come against the estate until it is reduced to judgment? Why require the claimant who has his debt in suit to swear to it in the probate court, and yet permit him to obtain a judgment in the circuit court, which is conclusive in the probate court, without making such oath?