PURYEAR *vs.* PURYEAR'S DISTRIBUTEES.

[FINAL SETTLEMENT AND DISTRIBUTION OF INSOLVENT ESTATE.]

1. *Failure to file and verify claim.*—If any surplus remains in the hands of the administrator of an insolvent estate, after paying in full all the claims of creditors which were filed and verified within the time prescribed by the statute, (Code, § 1847,) the distributees of the estate are entitled to it, in preference to creditors whose claims were rejected because not properly filed and verified.

APPEAL from the Probate Court of Monroe.

IN matter of the final settlement and distribution of the estate of Richard H. Puryear, deceased, which was duly declared insolvent on the 29th October, 1855. It appeared on said final settlement, at the December term, 1858, that there remained in the hands of the administrator, after paying in full all the claims against the estate which had been allowed by the court, a surplus of nearly nine thousand dollars. Thereupon, the children and distributees of the intestate, by their guardian *ad litem*, moved the court to distribute this balance among them; which motion was resisted by R. C. Puryear, H. A. Smith, H. J. Hunter and others, who claimed to be creditors of the estate, but whose claims had been rejected by the court, because, although they had been duly presented to the administrator, and filed as claims against the estate within nine months after the declaration of insolvency, they had not been verified until after the expiration of the nine months. On these facts, the probate court overruled the objections of said creditors, and distributed the

balance in the hands of the administrator among the distributees. The creditors reserved exceptions to this ruling of the court, and they here assign the same as error.

S. J. CUMMING, for appellant.

R. C. TORREY, O. S. JEWETT, and J. W. POSEY, *contra*.

STONE, J.—In Murdock v. Rousseau's Adm'r, 32 Ala. 611, we construed section 1847 of the Code, and held that a failure to file a claim against an insolvent estate, within nine months after the declaration of insolvency, completely destroyed such claim as a legal demand against the estate. We reluctantly feel constrained to adhere to that opinion, for the following reasons:

1. The imperative language of the statute;

2. The fact that the administrator is alone authorized to pay debts of the estate; that he alone is entitled to control and administer the assets; that the bar, when it attaches, is absolute, and certainly requires that we should hold that it destroys the claim as · against the insolvent estate, and as against the administrator of such insolvent estate; the entire absence of legislation, authorizing any proceedings for the collection or payment of debts after the settlement of the insolvency; and the further fact, that such secondary or ulterior proceedings would not only be without legislative authority, but would be utterly repugnant to many provisions of our statutes.

3. The language which creates the bar in section 1847 of the Code is not less strong and emphatic than that employed in the statute of non-claim, which has always been held to operate a destruction of the liability.

4. We are unwilling to unsettle our former decisions, in the absence of a clear conviction that we had fallen into error.—Thrash v. Sumwalt, 5 Ala. 13; The People v. White, 11 Ill. 341.

The principle above announced probably suggests the necessity or propriety of further legislation. The corrective is not with us.

Judgment of the probate court affirmed.