## JORDAN *vs.* STRICKLAND, ADMINISTRATOR.

[PETITION FOR HOMESTEAD TO WIDOW AND CHILDREN.]

1. *Assignment of dower to widow no bar to exemption of land, to value of* $500, *for benefit of widow and children, as against creditors.*—Under § 2061 (1738) of the Revised Code, the widow and children are entitled, as against creditors ; that is, when the lands of decedent have to be sold to pay debts ; to have so much of the land, as will amount, in value, to five hundred dollars, set apart for their benefit ; and this, notwithstanding dower may have been assigned to the widow.

2. *Proceeding to enforce this right.*—If the probate court, in a proper case, does not proceed "to lay off and set apart" this land, according to the statute, (§ 2061 (1738) par. 6), a petition to the probate court to enforce the right of the widow and children, is a proper proceeding.

APPEAL from Pike Probate Court.

MELISSA J. JORDAN filed her petition in the probate court of Pike county, setting forth that she was the widow of James H. Jordan, deceased ; that her husband had died, seized of certain lands, out of which her dower had been assigned to her; and that the administrator of her husband's estate had filed a petition for the sale of the remainder of the lands of the estate to pay debts. The petition then proceeds to set forth, that under such a state of facts, and agreeably to the statute, in such cases made and provided, it was her right to have set apart to her, for the benefit of herself and four children, land to the value of five hundred dollars, of the lands of which her husband died seized, pursuant to the terms of said statute; and

prays that the court would appoint commissioners to set apart the land, of the value of five hundred dollars, for the benefit of her, and her children, accordingly. This petition was dismissed by the court, at the cost of the petitioner, on the ground, that dower in the lands of her husband had already been assigned to the petitioner. From this decision of the court she appealed, and now assigns the same for error.

WATTS & TROY, for appellant.
GARDNER & WORTHY, *contra*.

BYRD, J.—The appellant, upon the facts set forth in her petition, is entitled "to real estate of the value of five hundred dollars," as against the creditors of the estate. Code, § 1738 ; *Chisholm v. Bowden*, in MS., at June term, 1867. The Acts approved January 30, 1860, (Pamph. Acts, p. 18,) and December 9, 1864 ; (Pamph. Acts, p. 93,) and February 19, 1867, (Pamph. Acts, 710,) do not affect the rights of the widow to such real estate, (if the husband owned land to that value,) as against the debts of the estate. They only affect her right against "heirs, distributees or legatees."

But the second section of the Act of the 9th December, 1864, changes the remedy or mode of enforcing her right, and provides the manner in which the judge of probate "shall proceed to lay off and set apart said land in accordance with said section."

If the judge of probate does not so proceed, it is allowable for the widow to file a petition, as in this case, to enforce the right conferred by the statute, and it is the duty of the court to proceed, and it cannot repudiate or reject the petition.

The probate court, therefore, erred upon this record, in dismissing the petition of appellant.

It results that the decree of the probate court must be reversed and cause remanded.