ERWIN ET AL., Ex'RS, *vs.* McGUIRE ET AL., ADM'RS.

[ACTION ON PROMISSORY NOTE—FILING OF CLAIM AGAINST INSOLVENT ESTATE.]

1. *Insolvent estate, claim against; what sufficient filing of.*—A copy of a claim against an insolvent estate, with a proper affidavit, delivered to the probate judge, is a sufficient filing of the claim, under § 2196 of the Revised Code.

2. *Same; verification of; what must be.*—The verification must be legal evidence of a just and subsisting demand.

3. *Same; when claim need not be filed.*—It is not necessary to file in the probate court a claim on which suit was brought prior to the declaration of insolvency of the debtor's estate.

APPEAL from Circuit Court of Wilcox.
Tried before Hon. P. O. HARPER.

This action was commenced on the 16th of February, 1866, by McGuire and Satterwhite, as administrators, &c., against R. H. Erwin and F. G. Tait, as executors of the last will of F. K. Beck, deceased, on a promissory note, made by defendants' testator. The cause was continued generally until the spring term, 1869, when it was tried.

On the 18th day of March, 1867, the estate of Beck was declared insolvent. On the trial, in this cause, the defendant's filed five pleas, only the fourth of which need be noticed, and which is as follows : "Come the defendants and plead, in short by consent, that the estate of their said decedent, F. K. Beck, was decreed to be insolvent on the 18th day of March, 1867, and that the plaintiffs have not filed their said demand, properly verified, against the estate of said decedent, within nine months from the time when said estate was so declared insolvent, as by law required to do." Upon this plea the plaintiffs took issue.

The defendants proved that there was nothing in the records of the probate court, nor among the papers on file in said court, to show that the note had been filed in said court since the declaration of insolvency. The plaintiffs then introduced J. J. Roach, an attorney in whose hands the note had been placed for collection in 1864, who testified that in October, 1867, he made a copy of the note, verified by his own affidavit, which, according to his best recollection, was in the form prescribed by statute, and presented the same to the clerk of the probate judge, at the probate court, to be filed against the estate as an insolvent estate. Search was made for this claim, and the affidavit in the probate court, but it could not be found. Roach's knowledge of the correctness of the claim was not derived

from his own knowledge, but from information from others. This was substantially all the evidence.

The court charged the jury, as follows : "1st. The plaintiffs can not recover in this action, unless the evidence shows that the note sued on had been filed in the probate court as a claim against the estate of Beck, as required by law, within nine months after said estate had been declared insolvent, and if the evidence showed them that a copy of the note had been filed in said court within that time, verified by the affidavit of a person other than the plaintiffs, and who stated in his affidavit that he had knowledge of the correctness of said note, such a verification was sufficient in this action, whether such person had personal knowledge of the correctness of the note or not, and that a deposit of such copy and verification with the probate judge's clerk, in his office, to be filed against said estate as an insolvent estate, within nine months after the declaration of insolvency, was a sufficient filing of the claim." To this charge defendants excepted.

The defendants then asked the court to charge the jury as follows :

"1st. That unless the original claim sued on was filed in the probate court, verified by the affidavit of the plaintiff, or of a person who knew of the correctness of the claim within nine months after the estate of said Beck was declared insolvent, then they must find for the defendants." This charge the court refused to give, and defendant excepted.

" 2d. That unless they believe from the evidence that the note sued on, or a copy thereof, was filed in the probate court in nine months after the estate of said Beck was declared insolvent, verified by the affidavit of the plaintiffs, or of a person who knew of the correctness of the same, they must find for the defendants." This charge the court refused to give, and defendants excepted.

The charge given, and the refusal to give the charges asked, are now assigned as error.

Cochran & Dawson, for appellants.—1. The statute, (Revised Code, § 2196,) requires all claims against insolv-

ent estates to be filed, verified, within nine months after the declaration of insolvency. The affidavit must be made by the claimant, or some person who knows the correctness of the claim, and that the same is due.—Rev. Code, § 2196.

2. The claim must be filed, although a suit is pending at time of the declaration of insolvency.—*Murdock v. Rousseau*, 32 Ala, 611; *Bell v. Andrews*, 34 Ala. 540 ; *Puryear v. Puryear*, 34 Ala. 556.

3. If a person other than the claimant makes the affidavit, such person must know the correctness of the claim, and that the same is due.—Rev. Code, § 2196. *The extent of knowledge* necessary to be possessed by the affiant is thus prescribed. He *must know* the facts, and the affidavit must show that he knows them.—*Lay v. Clark*, 31 Ala. § 409.

4. If a claim is filed with an improper or imperfect verification, it amounts to no filing at all, unless the verification is amended.—*Pickle v. Ezzell*, 27 Ala. 623. If the affidavit fails to show that the affiant knows the correctness of the claim it is insufficient. If it shows that he does, it will be *prima facie* sufficient. The verification is the proof adduced in support of the claim.—31 Ala. 409. And if it is shown that this evidence is not true, the claim should be rejected. Then, although the person making the affidavit swears that he knows the facts required to establish the claim, if it is shown that he does not know such facts, the verification or proof is defective, and the claim should be rejected. The objections required to be filed, under § 2203 of the Revised Code, could not be filed in this case because there was nothing in the probate court to show that any such claim had been filed. there. If the question had not been raised on the trial in the circuit court, it could not have been raised afterwards by the appellants.—Revised Code, § 2209. The pleas presented the objections properly, and they were properly raised on the trial in the circuit court.—*Murdock v. Rohpea*, 32 Ala. 611.

S. J. CUMMING, *contra.*—1st. There is no error in the first

Erwin et al., Ex'rs, v. McGuire et al., Adm'rs.

charge of the court. It conforms to the law as contained in § 2196 of the Revised Code. Stress appears to be laid on that portion of the charge contained in the following words : " Though the party making the affidavit did not know of his own knowledge of the correctness of the claim." The statute does not require that the affiant should swear, that he knows the correctness of the claim *"of his own knowledge ;"* nor does it require it as a matter of fact. If the affiant knows the correctness of the claim from information received from the parties to the note, that certainly would be sufficient, though it would not be of his own knowledge. Suppose F. K. Beck, in his life-time, had told affiant that the claim was just and correct, affiant would certainly be in a position to make the affidavit ; but he would not know its correctness of his own knowledge ; he would simply know it from information.

2d. What *is his own knowledge*, when spoken of in regard to a witness giving testimony ? It clearly does not include that which a witness gets by information from others. The word *"own"* distinguishes it from information, in legal acceptation.

3. In cases in which the affidavit is defective or insufficient, "the defect or insufficiency may be supplied by amendment or proof at any time before a *final decree."* The proof is clear, that the claim was filed within nine months, and sworn to. Now, even if the verification was "defective or insufficient," the plaintiffs were still entitled to a verdict ascertaining the amount of the debt, so that the judgment might be certified to the probate court, When the matter comes up for a hearing in the probate court, "or at any time before a final decree," the plaintiff can supply the defect or insufficiency, if there is any. It will also be noticed that the claim in this case was held by administrators, and they are only required to swear that they *"believe"* the claim to be just. The agent will not be required to make any stronger, or more positive verification, than would have been required of his principal, if he had made it.

4. The filing a copy of the claim is sufficient. The same words are used in Clay's Dig. p. 194, § 10, as those used in

the Revised Code, § 2196. In Clay's Digest, it reads: "Every person having any claim against such insolvent estate, shall file the same in the clerk's office of the said court within, &c." In the Revised Code, it reads: "Every person having any claim against the estate declared insolvent, must file the same in the office of the judge of probate within," &c. This court has held that the filing a copy of the claim properly verified, &c., was sufficient in the following cases: *Rowdon v. Young, Adm'r.* 12 Ala. 234; *Rutherford's Adm'r v. Branch Bank,* 14 Ala. 92; *Ransom, Adm'r, v. Quarles,* 16 Ala. 437.

B. F. SAFFOLD, J.—The issues presented arose on the trial of a suit by the appellees against the appellants, after the commencement of which the estate represented by the defendants was declared insolvent. A copy of the claim, verified by the attorney of the plaintiffs, was delivered by him to the clerk of the probate judge within the required time. The attorney testified in this case that, though to the best of his recollection the affidavit was in the prescribed form, he derived his information of the correctness of the demand from others, and did not know it to be correct himself.

The errors alleged are: 1st. The instruction to the jury that the plaintiffs could not recover unless the note sued on, or a copy thereof, properly verified, was filed in the probate court within nine months after the declaration of the insolvency. But such a copy, with an affidavit made by another than the plaintiffs, whether he had personal knowledge of the correctness of the claim or not, left with the clerk of the probate judge, would be a sufficient filing. 2d. The refusal to charge, that unless the note, or a copy of it, accompanied by an affidavit of the plaintiffs, or some one who knew of the correctness of the claim, was filed in the probate court in proper time, the verdict must be for the defendants.

A copy of a claim against an insolvent estate, properly verified, delivered to the clerk of the probate judge, is a sufficient filing under section 2196 of the Revised Code.— *Flinn, Adm'r, v. Shackleford,* 42 Ala. 202.

If the allowance of the claim had been contested in the probate court, the evidence of its proper verification, as given in this case, would have caused its rejection. A just and subsisting demand must be shown by legal evidence. *Lay v. Clark's Adm'r*, 30 Ala. 409.

In *Murdock v. Rousseau's Adm'r*, 32 Ala. 611, it was held that a claim on which a suit is pending, when the debtor's estate is declared insolvent, must be filed like other claims, within nine months after the declaration of insolvency. The decision was based on the supposed imperative and comprehensive terms of section 2196 of the Revised Code. Walker, Justice, in a dissenting opinion, maintained the contrary as decided in *McDougald's Adm'r v. Dawson's Ex'r*, 30 Ala. 553, by arguments deemed by us as conclusive. He and Judge Stone, in both cases, held that the failure to file the claim was not a defense to the suit in the circuit court. But the latter maintained in the first cited case, that "if the creditor fail to file his claim in the probate court, the settlement may be had without any reference to it, and such creditor is left to other sources for its payment, should there be such sources." There can not be any other source, because all the property of the estate is vested by law in the administrator *de bonis non*, immediately upon his appointment.—Rev. Code, 2195. Besides, he can have no execution on his judgment, and it must be certified to the probate court.—Rev. Code, 2209.

The proceedings before the probate court in respect to the allowance of a claim against an insolvent estate is essentially a suit. Its rejection in a contest, in which the parties were represented, would be conclusive upon the plaintiff, notwithstanding the pendency of a suit upon the claim in the circuit court at the time of the decree of insolvency.—*McDougald's Adm'r v. Rutherford*, 30 Ala. 245. The cause commenced in the circuit court is permitted to proceed to judgment.—Rev. Code, 2208. The judgment of either court would be under competent jurisdiction; one could not nullify or give additional validity to the other. The pendency of the first suit could be pleaded in abatement of the second, and the first judgment rendered would

be a bar to the other action. The reason of the law requiring the filing and verification, which is notice to the administrator and proof of indebtness, fails.

We decide that it is not necessary to file in the probate court a claim on which suit was commenced prior to the declaration of insolvency of the debtor's estate.

The judgment is affirmed.