## McCUAN vs. TURRENTINE, Adm'r, et al.

[APPLICATION BY WIDOW TO PROBATE COURT TO ALLOT HER AND HER CHILDREN FIVE HUNDRED DOLLARS, THE ESTATE BEING INSOLVENT.]

1. *Insolvency, decree of; what does not annul.*—The omission of creditors to file their claims against an estate duly declared insolvent, can not annul the decree of insolvency.

2. *Dower, claim of by widow; does not destroy right to claim five hundred dollars out of insolvent estate.*—A claim of dower by the widow does not deprive her and the minor children of her husband of the homestead exemption of $500 worth of land out of his insolvent estate.

3. *Homestead exemption; what does not deprive widow of.*—An administrator, shortly after the death of the intestate, obtained an order for the sale of his lands for the payment of debts, sold them, and had the sale confirmed. Afterwards, but before the payment of the purchase-money, he reported the estate insolvent. A conveyance was subsequently made to the purchaser, and on the final settlement of the insolvent estate a balance was distributed to the heirs, because of the omission of the creditors to file their claims,—*Held,* that the widow and children were not thereby deprived of their homestead exemption of $500 worth of land.

McCuan v. Turrentine, Adm'r, et al.

APPEAL from the Probate Court of Limestone.
Tried before Hon. J. P. COMANS.

The appellant petitioned the probate court to allot her
and her minor children five hundred dollars worth of certain
described lands which her husband died seized and pos-
sessed of, his estate being insolvent. This application was
resisted by the administrator, and the purchaser of the
said lands at a sale made by said administrator, on the fol-
lowing grounds: 1st. The decedent died in 1866, and on
the 14th of January, 1867, the lands were sold by his ad-
ministrator under an order of the court. 2d. The purchase-
money had been paid and the sale confirmed in March,
1867, and a conveyance to the purchaser executed in April,
1869. 3d. The estate of the said decedent was re-
ported insolvent shortly after the sale, and was declared
insolvent in August, 1867, but on the final settlement a
balance was distributed to the heirs on account of the fail-
ure of the creditors to file their claims, or, as the record
expresses it, "that this estate was insolvent, but became
solvent by reason of the creditors, save one, failing to come
forward and file their claims as prescribed by law." It
further appears from the transcript, that the lands sold for
$440, and that the balance distributed to the heirs was
$14.63. The decree of final settlement and distribution
was rendered in January, 1870, and the appellant's petition
for homestead was filed December 9, 1870. The appeal is
taken from the judgment of the court dismissing the ap-
plication.

WALKER & JONES, for appellant.
J. M. MALONE, contra.

B. F. SAFFOLD, J.—Section 2061 of the Revised Code
exempts from the payment of the debts of a decedent five
hundred dollars' worth of his real estate for the benefit of
his family, when it consists of a widow or child or children
under twenty-one years of age, whether his estate is insol-
vent or not. The sixth subdivision directs that when the

estate is insolvent, and it becomes necessary to sell the real estate for the payment of debts, three appraisers appointed by the probate court must lay off and set apart the same, &c., and the title to such land shall vest in the widow and child or children. If the real estate can not be so divided, and the appraisers shall so report, the probate court must order the executor or administrator to sell the real estate, and pay to such widow, or widow and child or children, five hundred dollars of the proceeds of the sale.

The omission of the creditors to file their claims against the estate could not annul the decree of insolvency.—*Puryear v. Puryear's Distributees*, 34 Ala. 555.

It does not appear from the transcript that the widow had made any claim for dower, though it is argued by the counsel for the appellees that she had. But if she had made such an application, it would not avail the contestants.—*Jordan v. Strickland*, 42 Ala. 315; *Chisolm v. Chisolm's Ex'rs*, 41 Ala. 327.

There can be no doubt of the right of the widow and her children to the claim which they have applied for, unless they have forfeited it by their *laches*. In ordinary cases, where an execution is levied on property, the exemption is lost unless it is claimed before the sale.—*Simpson v. Simpson*, 30 Ala. 225. In cases of estates undergoing administration, the administrator is protected for eighteen months from the rendition of judgment in favor of creditors, in order that he may ascertain the solvency or insolvency of the estate. All existing claims of creditors not presented within that time are barred, and no heir or distributee can call upon him for distribution without proving that the estate is free from debt. No one is authorized to report the estate insolvent but himself, and he is made personally liable to the creditors if he suffers an execution against the estate to be returned "no property found." The widow and children can not know the extent of their interest until he reports the estate insolvent or makes a final settlement.

In this case, the report of insolvency was made a short

time after the sale of the land, and several months before the purchase-money became due. When the decree of insolvency was rendered, and it was necessary to resort to a sale of land, it became the duty of both the court and the administrator to protect the rights of the widow and children. They were not bound to move in the matter before they discovered themselves neglected, nor could they well do so until the report of insolvency was made. When that was done, their land had been sold for even less than the amount reserved to them by law, to pay debts from which it was exempt, whether the estate was insolvent or not. There is nothing in the defenses set up by the contestants which should defeat the application for the homestead.

The judgment is reversed, and the cause remanded.