# GAMBLE, Adm'r, vs. DUNKLIN & CO.

[APPEAL FROM ORDER ALLOWING CLAIM AGAINST INSOLVENT ESTATE.]

1. *Insolvent estate; what claims against, must be filed to prevent bar prescribed by section 2196 of Revised Code.*—All claims on an insolvent estate, *not in suit* at the time the same is reported and declared insolvent, must be filed in the office of the judge of probate and verified, as required by section 2196 of the Revised Code, whether or not in judgment, either against the deceased or the personal representative; otherwise, they are forever barred. A judgment obtained before the report and declaration of insolvency, not being a claim *in suit*, is barred if not filed and verified within the time and in the manner prescribed in that section.

2. *Same.*—Claims *in suit* against the executor or administrator at the time the estate is reported and declared insolvent, must proceed to judgment, and if judgment be for the plaintiff, and it is shown to the court that the estate has been declared insolvent, an order must be made to the effect that no execution issue on such judgment, but that the same be certified to the proper probate court; and upon a certified copy of such judgment being filed as a claim against the estate, it must be allowed, with the costs against such estate; unless such judgment be shown to have been obtained by collusion. But such judgment need not be filed and verified under said section 2196.

APPEAL from the Probate Court of Butler.
Tried before Hon. H. W. WATSON.

The facts are sufficiently stated in the opinion.

JUDGE & BOLLING, and GAMBLE & POWELL, for appellant.
HERBERT & BUELL, *contra.*

PECK, C. J.—The Revised Code, ch. 7, p. 457, provides a system for the settlement of insolvent estates, and the payment of debts, and prescribes the proceedings to be had in such cases. Section 2196 of this chapter provides, that "every person having *any claim* against the estate declared insolvent, must file the same in the office of the judge of probate, within nine months after such declara-

tion, or after the same accrues, verified by the oath of the claimant, or some other person who knows the correctness of the claim, and that the same is due, or it is barred forever; but when a claim is filed by an executor, administrator, guardian, or other trustee, that he believes the claim to be just, due and unpaid, and in all cases where a claim is verified under this section, the defect or insufficiency may be supplied by amendment or proof, at any time before a final decree."

The language of this section is broad enough to embrace all claims, of every description, against an insolvent estate, whether or not in judgment, either against the deceased or the personal representative, or in suit in process of collection, and would embrace them and require them to be filed and verified as therein provided, or be forever barred, were it not for other sections in the same chapter having reference to claims *in suit and being litigated* when the estate is reported insolvent. Section 2207 enacts, that "during the progress of any suit against an executor or administrator, he may show that such estate has been *reported insolvent*, and continue the cause until the *final disposition of such report.*" Section 2208 declares, that "the executor or administrator may also, at any time before judgment, plead specially that the estate has been declared insolvent, and in such case, the other issues must be tried and judgmet rendered thereon." The next section, 2209, provides, that "if such judgment is for the plaintiff, and it is shown to the court that such estate has been declared insolvent, an order must be made to the effect that no execution issue on such judgment, but that the same be certified to the proper probate court; and upon a certified copy of such judgment being filed as a claim against the estate, *it must be allowed,* with the costs, against such estate, unless shown to have been obtained by collusion."

By these three sections, we see that the only claims excepted out of the influence of said section 2196, are claims actually in suit at the time the estate is reported insolvent, and on which, after the estate is declared insolvent, judgment is recovered by the plaintiff, and which judgment, under the

order of the court, is certified and filed in the proper probate court as a claim against the estate. If this be done, then said section 2209 expressly declares it must be allowed, with the costs, against such estate, unless the judgment is shown to have been obtained by collusion.

Such a claim need not be filed in the office of the judge of probate within nine months after the estate is declared insolvent, nor be verified as required by said section 2196; but all other claims of every description, if not filed and verified as therein required, are forever barred. Construing these several sections together, and in connection with the entire chapter, the foregoing seems to me to be their plain, manifest meaning, and, without conflict, to harmonize them with each other and with the system provided for the settlement of insolvent estates.

Claims required to be filed and verified by section 2196 are to be construed, and their correctness ascertained and determined, in the manner provided in section 2203 of said chapter; but the correctness of claims in suit, when the estate is reported and declared insolvent, are to be settled and determined in the manner prescribed in said sections 2207 and 2208. Claims belonging to either class, when their correctness is determined in the way respectively provided, stand upon the same footing, and on the settlement of the estate, the court must decree to each creditor whose claim has been settled and allowed, in either way, his proportion of all moneys in the hands of the executor or administrator for distribution. In the case of *Erwin, Ex'r, et al. v. McGuire et al., Adm'rs,* (44 Ala. 499,) it is decided, that "it is not necessary to file in the probate court a claim on which suit was commenced prior to the declaration of insolvency of the debtor's estate." The converse of this must, necessarily, be true, whether the claim has or has not, before that time, been reduced to judgment. In this case, the claim allowed against the objections of the appellant, consists of a judgment recovered against the administrator in chief, on the 5th day of October, 1867.

The estate was afterwards declared insolvent, on the report of appellant, the administrator *de bonis non,* on the

25th day of March, 1868, and said claim was not filed in the office of the judge of probate until the 14th day of February, 1871, and not verified until the 10th day of June thereafter. Thus, we see, that this claim was not in suit when the estate was reported and declared insolvent, and was not verified and filed in the office of the judge of probate for nearly three years thereafter. By the plain letter of said section 2196 it was then barred, and the probate court should so have decided.

The judgment is reversed, and the cause remanded, &c., at appellee's cost.