## WALLER, Adm'r, *vs.* NELSON, Adm'r.

[ACTION ON PROMISSORY NOTE—REVIVOR, &C.]

1. *Claim; what not such as required to be presented within nine months of declaration of insolvency, &c.*—A promissory note, upon which a suit is pending at the time an estate is declared insolvent, is not such a claim as is required to be verified by affidavit and filed against such estate within nine months after the declaration of insolvency. Such suit, on revival, may proceed to judgment, and the judgment may be certified and filed as required by the statute. An objection by plea in abatement for a failure to file such note before judgment, is not sufficient to abate the suit.

2. *Revival of suit; within what time may be made.*—A motion to revive a suit pending in court, after the death of the plaintiff or defendant, comes in time, if made within eighteen months after the death of the plaintiff or defendant, or within eighteen months after the death or removal of the personal representative, when the first representative died before revival in his name. The mere *suggestion* of the death of the deceased party upon the record is sufficient motion for this purpose, in order to remove the bar of the statute.—Rev. Code, § 2542; 35 Ala. 79.

Appeal from the Circuit Court of Dallas.
Tried before Hon. M. J. Saffold.

The opinion states the case.

Alex. White, for appellant.
Pettus & Dawson, *contra.*

PETERS, J.—This is an action of debt, founded on a promissory note for $2,205. It was commenced by Thomas J. Portis, as administrator of the estate of Albert Waller, deceased, on March 31st, 1866, against George L. Brotherton and James C. Taylor. The summons purports to have been executed on both of the defendants, on April 2d, 1866. But the complaint was afterwards amended, and the name of Brotherton was stricken out, without objection; and the cause was permitted to proceed without him. There was a bill of exceptions; and the record and the bill

of exceptions show, that Taylor died in September, 1866, and that his death was regularly *suggested* to the court on September 19th, 1867; and upon motion of the plaintiff, it was ordered that *scire facias* issue to George M. Hamner, his administrator, to come into court and make himself a party defendant to the suit. It does not appear that Hamner was served with *scire facias*, or had any notice. Hamner was appointed administrator of Taylor's estate on October 9th, 1867. At the March term of the court below, in the year 1868, the cause "was continued by operation of law." In 1869, on the 16th day of March, the resignation of Portis is suggested to the court, and "leave was granted to revive the suit in the name of the successor of said Portis in said administration." At the same time, the death of Hamner, the administrator of the estate of Taylor, is suggested and proved, and the cause again continued. After this, on the first day of October, 1869, the suit was revived in the name of Creswell A. C. Waller, as the administrator *de bonis non* of the estate of said Albert Waller. Taylor's death was then again suggested, and a motion was made to revive the suit against Richard M. Nelson, who had been appointed the successor of Hamner as administrator of Taylor's estate. Hamner had died on the 19th June, 1868, and Nelson had been appointed his successor on the 20th October, 1868. It also appeared, that Taylor's estate had been declared insolvent on Hamner's application, on the 16th day of June, 1868; and that the claim involved in this suit had never been filed in the probate court against the estate of Taylor so declared insolvent as above said. On the motion against Nelson, he appeared in court and objected to its allowance. Thereupon, the suit was ordered by the court to abate, and judgment was rendered against the plaintiff for costs. From this judgment the plaintiff below appeals, and assigns the judgment below as error.

The claim in controversy in this case is a promissory note. A suit on such a contract survives on the death of either of the parties, whether plaintiff or defendant.—*Net-*

*tles, Adm'r, v. Barnett,* 8 Por. 181; *S. C.,* Smith Cond. 235; Rev. Code, § 2555. And if an action at law is pending on such a claim when the estate of the deceased debtor is declared insolvent, it is not required to be filed and verified, within nine months from the declaration of insolvency, as is the case with claims not in suit, in order to maintain its validity against the estate of the insolvent.—*Richardson v. Tanner, Adm'r,* January term, 1872. Such a suit may proceed to judgment, on its proper revival, in the name of the representative of the deceased.—Rev. Code, § 2242; *Erwin et al., Ex'rs, v. McGuire et al., Adm'rs,* 44 Ala. 499. Objection for this cause would not then be a sufficient ground to abate the suit. This is the only ground set out in the judgment of abatement, as shown by its record. But the bill of exceptions shows also another ground. And in such a case, the bill of exceptions must govern the recitals of the judgment.—*Landreth v. Landreth,* 9 Ala. 430. The other ground seems to be the failure to make the motion to revive the said suit after the death of Taylor, within the time limited by law. The statute which imposes this limitation is in these words: "No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, *on motion within eighteen months thereafter,* be revived in the name of, or against the legal representative of the deceased, his successor or party in interest, or the death of such party may be *suggested* upon the record, and the action proceed in the name of or against the survivor."—Revised Code, § 2542; *Rupert & Cassity v. Elston's Ex'r,* 35 Ala. 79. It is obvious from the reading of this statute, that there may be two or more dates from which the limitation of the eighteen months is to be reckoned. One is the death of the original defendant, who dies after the commencement of the suit; the other is the death, removal or resignation of the representative of such original defendant, or his successor. The time of the limitation is not to be always reckoned from the death of the original defendant; because, if this were so, there could be no revival in the name of the suc-

cessor of his representative, after eighteen months from his death. This is evidently neither the language nor the purpose of the Code. For, the revival may be in the name of the representative, or his successor, or party in interest, without regard to the length of time after the death of the original party, if the first revival was attempted with the proper dispatch. That is, if the *motion* was made within the proper time, as to the first representative. Here this was done. Taylor died in September, 1866, and the *suggestion* of his death and motion for *scire facias* against Hamner was made on the 19th day of September "thereafter;" that is, in 1867. This was within eighteen months, at least, after the death of Taylor. Hamner died before the revival against him. His death terminated the proceedings against him. The proceeding against Hamner continued the cause in court, and saved it from abatement during his life. Hamner died on the 19th day of June, 1868, and Nelson succeeded him on the 20th day of October following, and the motion to revive the action against Nelson was made on the first day of October, 1869. This was within one year and one month and a half after the death of Hamner. According to the above construction of the statute, this was within the proper time. There was, then, no lapse of eighteen months between the death of one defendant and the proceeding to revive against the representative or successor of such defendant. The motion against Nelson should have been allowed. The judgment of the court below was, therefore, erroneous. It is also proper to remark, that it does not appear that the judgment of the court below was rendered "in the name of the officers of the court." This is required by the Code. This requirement is not merely directory, but it is a positive command of the sovereign power.—Revised Code, § 2794. It is error to disregard it.

Let the judgment of the court below be reversed, and the cause remanded for further proceedings in the court below, in conformity with this opinion.