# McCuan v. Tanner, Ex'r.

### Assumpsit.

*Revised Code, section 2061, construed.*—Section 2061 of the Revised Code, which exempts from payment of debts, in favor of the widow and children, five hundred dollars' worth of the decedent's lands, when it can be set apart, or otherwise, that amount in money from the proceeds of a sale, confers on them no right to the use and occupation of any particular quantity or parcel of land, but gives them a mere right, by proper judicial proceedings, to clothe themselves with title to the prescribed quantity of land. Until this is done, they are not owners of the land, and can not maintain assumpsit for use and occupation prior to its being set apart to them.

APPEAL from Limestone Circuit Court.
Tried before Hon. W. B. WOOD.
The opinion states the case.

WALKER & JONES, for appellant.

LUKE PRYOR, *contra*.

BRICKELL, C. J.—The husband of the appellant, Sarah, died in 1866, seized and possessed of a tract of land, situated in Limestone county, the county of his residence. His personal representative obtained from the court of probate an order to sell the said lands for the payment of debts. A sale was made under this order, at which the testator of the appellee became the purchaser, and entered into possession. Subsequently, the estate of appellant's husband was reported and decreed insolvent. On a final settlement thereof, it proved solvent, because of the failure of creditors to file their claims within the time prescribed by law. After such settlement, the appellant, Sarah, made application to the court of probate for the allotment to her and her children of five hundred dollars' worth of the lands so sold by the administrator and purchased by the testator of appellee, as exempt to her and her minor children, from the payment of debts under the statute.—R. C. § 2061. The court of probate refused her application, but its judgment was reversed on appeal to this court, and she was declared entitled to the allotment.—*McCuan v. Turrentine*, 48 Ala. 68. On the 12th July, 1872, the entire tract of land was allotted and set apart to the appellants, the widow and minor children, as being exempt from sale for payment of debts. On the 1st January, 1870, and on the 1st January, 1871, the testator of appellee received in money, as the rents of said lands, the sum of seventy-five dollars. The appellants sue in assumpsit for money had and received, to recover this money. The circuit court, at the request of the appellee, charged the jury the appellants were not entitled to recover. The correctness of this charge is the only matter assigned as error.

The charge seems to us clearly correct. The statute does not absolutely exempt any particular tract, or parcel, or quantity of land. Nor does the death of the husband or father, and the necessity of selling his real estate, vest in the widow or the minor children a right to the use or occupation of any particular parcel or quantity of land. The statute simply confers on them a right to five hundred dollars' worth of land, to be laid off and set apart to them by commissioners appointed by the court of probate; or, if the lands are incapable of division, so as to set apart to them five hundred dollars' worth, they are entitled to five hundred dollars of the proceeds of sale, from the personal representative. No right to any particular quantity or parcel of land, vests

in them until it is set off by metes and bounds, by commissioners appointed by the court of probate. Until then, their right is a mere right of action—a right, by judicial proceeding, to clothe themselves with the title to a quantity of land, not exceeding a certain value, to be set apart and allotted to them. When the land is so set apart and distinguished, and not sooner, they become its owners, entitled to its rents and profits. Until the allotment is made, it cannot be known whether their right is a right to land, or to money only— whether the lands may not be incapable of division, and they entitled only to five hundred dollars of the proceeds of sale. The right and title of the appellants to the lands accruing only on its allotment, their right to rents and profits would accrue at that time only. They have no claim, legal or equitable, to the rents received by the appellee's testator, accruing from the lands prior to the allotment to appellants.

The circuit court did not err in its charge, and the judgment must be affirmed.