# Walden *v.* Speigner.

*Statutory Action of Unlawful Detainer, by Judgment Creditor, against Purchaser at Sale under Mortgage.*

1. *Filing claim against insolvent estate; who may redeem as judgment creditor.*—A judgment rendered against a debtor while living, which is not presented as a claim against his insolvent estate within the time allowed by law (Code, § 2238), is forever barred as a debt against the estate; and the plaintiff therein, or his assignee, can not claim, as a judgment creditor (*Ib.* § 1883), the right to redeem lands sold under a mortgage executed by the debtor while living.

APPEAL from the Circuit Court of Talladega.
Tried before the Hon. LEROY F. BOX.
This action was brought by Mrs. Emily P. Walden, the widow of George S. Walden, deceased, against J. H. Speig-

[Walden v. Speigner.]

ner, to recover the possession of a house and lot in Talladega; and was commenced in a justice's court, on the 22d of April, 1887. The house and lot was the family residence of said George S. Walden at the time of his death, in 1885, and was mortgaged by him, in September, 1879, to L. E. Parsons, his wife joining with him in the conveyance. The mortgage was assigned by Parsons to M. W. Cruikshanks, and the property was sold, under a power of sale contained therein, in April, or May, 1885, after the death of said Walden. The defendant in this action became the purchaser at the sale, and possession was delivered to him by the widow. A judgment had been rendered against said Walden, in March, 1884, in favor of Isbell, McMillan & Co.; and this judgment having been assigned to his widow, she made a tender and offer to redeem the property as a judgment creditor. The tender was made within two years after the sale, and fully complied with all the statutory requisitions; but it was refused by the defendant, on the ground that Walden's estate had been declared insolvent, and the judgment had not been filed as a claim against it within the time prescribed by law. The court sustained this defense, and rendered judgment for the defendant; and this judgment is here assigned as error by the plaintiff.

KNOX & BOWIE, for appellant.—The failure to file the judgment as a claim against the insolvent estate of the deceased debtor, although it forever barred the debt as a claim against the estate, in favor of all persons interested therein, did not satisfy or extinguish it, nor take away any collateral or independent remedies which the creditor might have, suc has a vendor's lien, or a mortgage.—*Duval's Heirs v. McLoskey*, 1 Ala. 744; *Puryear v. Puryear*, 34 Ala. 556; *Mahone v. Haddock*, 44 Ala. 99; *Molton v. Henderson*, 62 Ala. 433; *Inge v. Boardman*, 2 Ala. 331; *George v. George*, 67 Ala. 192; *Locke v. Palmer*, 26 Ala. 312; *Prince v. Prince*, 47 Ala. 283; *Hooks v. Br. Bank*, 8 Ala. 580; *Minter v. Br. Bank*, 23 Ala. 762; *Evans v. Evans*, 16 Ala. 465; *McBroom v. Governor*, 1 Porter, 41; *Mardis v. Smith*, 2 Ala. 382. The statute was intended for the benefit of the estate, or parties interested therein; and only parties, or their privies, can plead the statute. For analogous cases, see *Mooney v. Parker*, 18 Ala. 708; *Boren v. McGehee*, 6 Porter, 432; *Fournier v. Curry*, 4 Ala. 321; *Trimble v. Williamson*, 49 Ala. 525; *Jones & Blair v. Burden*, 20 Ala. 382.

[Louisville & Nashville R. R. Co. v. Perry.]

CECIL BROWNE, contra, cited *Murdock v. Rousseau*, 32 Ala. 611; *Puryear v. Puryear*, 34 Ala. 556; *Watson v. Rose*, 51 Ala. 292.

STONE, C. J.—It has long been settled in this State, that a claim against an estate which has been decreed insolvent, that is not filed within nine months after the decree of insolvency, is forever barred as a debt against the estate. *Murdock v. Rousseau*, 32 Ala. 611; *Puryear v. Puryear*, 34 Ala. 555; *Watson v. Rose*, 51 Ala. 292. A claim in suit pending against an estate, if revived and prosecuted to judgment, is excepted from the rule stated above. In such case, the fact of making the personal representative a party to the suit, is regarded as the equivalent of filing.—3 Brick. Dig. 477, § 341.

The offer to redeem in this case, as a creditor of the deceased mortgagor, comes within the principle stated above. Walden, the mortgagor, had died, and his estate had been declared insolvent. The judgment, under which the redemption was attempted, had been rendered before Walden's death. More than nine months had elapsed after the decree of insolvency, and the claim was never filed against the insolvent estate. It had ceased to be a valid claim against the estate, and the owner of it had ceased to be a creditor. The Circuit Court rightly ruled that, as a creditor, Mrs. Walden showed no right to redeem.

Affirmed.