## WILKINSON *vs.* MURPHY.

1. The action of the Court of Probate on a writ of *habeas corpus*, cannot be reviewed in the Appellate Court on a writ of error.

ERROR to the Court of Probate of Randolph.

Barnaby Wilkinson, as guardian of Matilda Wilkinson, sued out a writ of *habeas corpus* in the name of his ward, returnable before the Judge of Probate, to obtain her custody and control from the defendant in error, who detained her. On the hearing of the writ, the judge refused to make any order for the delivery of the infant to her guardian, and allowed the defendant to retain her. Thereupon, the guardian

Ross v. Ross.

sued out a writ of error to the Supreme Court, and a motion is now made to dismiss the writ.

FALKNER, for the motion.

A writ of error does not lie in this case.—Bacon, 554-5; 3 Watts & Serg. 416; 2 Howard, 65; 13 Johns. 418. It is a question of discretion with the court as to the custody of an infant, and the Appellate Court will not revise the action of an inferior court in a matter of discretion.—18 Wend. 79.

HEFLIN, contra,

Contended, that the right of the guardian to the custody of his ward was not a matter which the court might grant or refuse, in its discretion, but a legal right which the courts were bound to enforce; and the refusal to act was revisable on writ of error.

*Per curiam.*—A writ of error does not lie to the judgment of the Court of Probate on the hearing of a *habeas corpus.* The judgment cannot be said to be final, as it is not conclusive on the rights of the party, who may renew his application to the same, or another tribunal.—*Ex parte* Campbell, at the present term; or he may obtain the aid of this Court, by proceeding according to the practice settled in *ex parte* Croom & May, 19 Ala. Rep. 561.

The writ of error must be dismissed.