## HARDY *vs.* MEACHEM'S ADM'R.

[CONTEST RESPECTING CLAIMS AGAINST INSOLVENT ESTATE.]

1. *When objections to claims must be made.*—An objection to a claim against an insolvent estate, denying its justice, and setting up the statute of limitations, but not controverting the fact of its being filed in due time, must be made within twelve months after the declaration of insolvency, (Code, §§ 1853–4;) and the time cannot be enlarged by an agreement between the probate judge and the administrator of the estate.

APPEAL from the Probate Court of Limestone.

IN the matter of the estate of Henry Meachem, deceased, which was duly declared insolvent by the said probate court on the 12th October, 1857, and against which a claim was filed by the appellant, as a creditor, within nine months after the declaration of insolvency. No objections were filed, either by the administrator or by any of the other creditors, against the allowance of this claim, until the final settlement of the estate came on to be heard; when written objections to it were filed, "denying its justice, and interposing the plea of the statute

30

of limitations of three and six years." The appellant "moved the court to dismiss said objections, because they were not made or filed within twelve months after said estate had been declared insolvent. The court then stated, that it was understood between said administrator and the court, that all objections to claims against said estate might be made on the final settlement; and overruled the motion to dismiss the objections." This ruling of the court, and its final rejection of the appellant's claim, to each of which exceptions were reserved, are the matters now assigned as error.

WM. H. WALKER, for the appellant.

LUKE PRYOR, and J. B. McDONALD, *contra.*

WALKER, J.—Objections, which set up the statute of limitations, and denied the justness of a claim against an insolvent estate, and which did not controvert the filing of the claim within due time, were made more than twelve months after the declaration of insolvency. Appellant's motion to reject the objections, because they came too late, was overruled; and in overruling it, the court erred.

Sections 1853 and 1854 of the Code, when considered together, clearly prescribe, that claims against insolvent estates "*must be allowed,*" if not objected to within twelve months after the declaration of insolvency. The allowance of the claim, in the absence of an objection within the prescribed time, was a right of the creditor, which could not be affected by an understanding between the judge and the administrator, that objections might be made on the final settlement.

As it is not likely that the other questions presented by the bill of exceptions will again arise, it is not necessary that we should pass upon them.

The decree of the court below, rejecting the plaintiff's claim, is reversed, and the cause remanded.