# Thames *v.* Herbert, Adm'r.

*Appeal from Order disallowing Claim against Insolvent Estate.*

1. *Objection to claim against estate; when must be filed.*—The allowance of a claim duly filed against an insolvent estate, is matter of right, unless objections to its merits be filed within twelve months after the declaration of insolvency; and all matters of defense existing within that period and not duly filed, are forever barred.

2. *Same.*—Matters subsequently occurring, which are a valid bar to the demand, or which deprive the creditor of all right, in equity and good conscience, to share in the distribution, may be shown at any time before final decree declaring the amount of the claim, and the rateable proportion of assets to which the claimant is entitled.

3. *Claim of wife against husband's estate for conversion of statutory estate; what not bar to assertion of.*—Where the husband bought lands with the wife's statutory estate, taking title to himself, and his administrator sells them and collects the proceeds, the wife's pursuit of the funds in his hands as trust money, and compelling their payment to her under decree in chancery, is not inconsistent with her right to hold the estate liable, and no bar to her demand for the balance due, after crediting the amount coerced from the administrator.

APPEAL from Butler Probate Court.

Tried before Hon. J. L. POWELL.

Joseph G. Thames died in 1863, and the appellant, his widow, filed her claim against his estate for the *corpus* of her statutory estate, received by him, amounting to $2,995.81.

On the first day of April, 1867, the estate of Joseph G. was declared insolvent, and on the 21st of October, in the same year, the appellant filed her claim, duly verified, against

the insolvent estate.  On July 30th, 1869, appellant filed her bill in the Chancery Court against the appellee, Herbert, as administrator *de bonis non* of her deceased husband, alleging the above facts, and that the money so received by her husband, had been invested by him in the purchase of certain lands, and in the erection of improvements thereon, he taking title to the land in his own name.  The bill alleged further, that the lands had been sold by the administrator-in-chief, and that the proceeds, amounting to $1,350, were in the hands of appellee.  The Chancery Court rendered a decree, declaring a resulting trust in her favor in the lands, and ordered the administrator to pay over to her the proceeds of said lands, with interest.  This decree was rendered on the 18th day of October, 1873, and was paid and satisfied December 1st, 1873.

On March 16th, 1878, the day set for the final settlement of the insolvent estate, appellant moved, in the Probate Court, for a judgment against the estate on her claim previously filed, less the amount received by her under the decree of the Chancery Court.  To the allowance of the claim, Herbert, the administrator *de bonis non,* and several creditors objected, on the ground that her claim had been fully paid and discharged by the payment of the chancery decree, and that having elected to pursue the funds received by her husband into the property bought with it, and having received the whole of the proceeds of said land, she could assert no claim against the estate.

The appellant demurred to these objections, on the ground that they were not filed within twelve months after the filing of her claim against the insolvent estate, as required by the statute.  The court overruled the demurrer; and the proof sustaining the objections, disallowed the claim.  The appellant excepted, and brings the case here by appeal.

JOHN GAMBLE, for appellant.—The question is, can objections be allowed, when not made within twelve months after the filing of a claim against an insolvent estate?  The statute expressly declares, that objections to claims filed against an insolvent estate *must* be filed within twelve months after the declaration of insolvency; and it is further provided, that if no opposition is made within twelve months, after the time when the estate was declared insolvent, such claim must be allowed against the estate, without further proof.  The record shows clearly that no objections to this claim were filed until four or five years after the estate had

[Thames v. Herbert, Adm'r.]

been declared insolvent. The case of *Hardy v. McEachern,* 33 Ala. 457, is directly in point, and it was there ruled that claims against insolvent estates *must be* allowed, if not objected to within twelve months. The objections here filed go to the merits of the claim, and they can not be made after the expiration of twelve months.—See 21 Ala. 42; ib. 112; ib. 194; 10 Ala. 520; 8 Ala. 454; 20 Ala. 772. There was nothing in the chancery proceedings inconsistent with the right of the appellant to insist on her claim against the estate. The scope of the bill and the effect of the decree, were simply to declare that the estate had received money from the sale of property, which equitably belonged to her, and to have the money then in the hands of the administrator paid over to her. It did not, and could not amount to an election, to take the proceeds of land and release the estate. It could not operate as a payment of the claim. The estate owed her the amount her husband had received of her statutory estate. The estate paid her only the amount it had received from a sale of the property purchased with her money, which was a much less sum. The estate certainly owed the difference between these amounts; and her claim to that extent, was a proper one, and the objections to it should have been overruled.

DAVID BUELL, *contra.*—The appellant received under the chancery decree every dollar of the proceeds of the property bought with her money. Appellant elected to look to the proceeds of the land, and she can not after she has received the full benefit of that election, hold the estate for any difference. She is conclusively estopped from claiming anything against the estate.—*Adams v. Adams,* 39 Ala. 274. This election on her part was made after the time for filing objections. The objections to her claim was not as to its validity, but on the ground that it had been fully satisfied, and discharged, by virtue of the chancery proceedings. She elected in that proceeding to claim the property as bought with her money—she did not claim a lien on the lands, but she claimed the land itself, or what was equivalent, the entire proceeds of the sale. The decree was not the enforcement of a lien; it was the declaration of a resulting trust in the land. Surely it is inequitable to say that she shall have both the land and her debt. The liability of the estate of the husband grew out of the investment of her money in this land, and in taking title to himself. If he had taken the title to her, surely she could claim nothing of the estate.

[Thames v. Herbert, Adm'r.]

She is placed by this decree exactly in the position she would have occupied had the title been made directly to her. She has all she could have had, if the act which fixed the liability of the husband had never been done. The estate has reaped no benefit from the investment of her money, and should not be made to pay the debt and give up the property and its proceeds.

BRICKELL, C. J.—From the earliest period of our legislative history, it has been a settled policy to provide a simple and summary remedy, in the court of probate, granting letters testamentary, or of administration, for the marshaling and distribution to creditors of the assets of an insolvent estate. The personal representative when satisfied of the insufficiency of the assets for the payment of debts, is required in a particular mode to make report of the fact to the court, and of the report notice must be given creditors, who are entitled to contest its truth. If there is no contest of its truth, or if it is unsuccessfully contested, a decree of insolvency is pronounced by the court. The decree ascertains finally the *status* of the estate as between the personal representative and creditors.—*McGuire v. Shelby*, 20 Ala. 356; *State Bank v. Ellis*, 30 Ala. 478. The effect is, to draw to the court exclusive jurisdiction of all *legal demands* against the decedent, not the subject of pending suits in other tribunals, at the time of the rendition of the decree. Suits then pending, may be prosecuted to final judgment, but on a suggestion, or special plea of the insolvency, the judgment rendered therein is certified to the court of probate, and no execution can issue on it. All the creditors, (excepting those whose claims are in suit at the time of the declaration or decree of insolvency,) are required within nine months after the decree or declaration, to file their claims in the court of probate verified by the oath of the claimant, or some other person who knows its correctness; and a failure to file, by the words of the statute, operates a perpetual bar against the claim.—Code of 1876, § 2567; *Puryear v. Puryear*, 34 Ala. 555; *Sharp v. Sharp*, 35 Ala. 572; *Bell v. Andrews*, ib. 538; *Ray v. Thompson*, 43 Ala. 434; *Murdock v. Rosseau*, 32 Ala. 611; *Hollinger v. Holley*, 8 Ala. 454. The exception of claims on which suits are pending, from the bar of the statute, is the result of judicial decision, which, though in conflict with former decisions, perhaps, ought not now to be disturbed.—*Erwin v. McGuire*, 44 Ala. 499; *Murdock v. Rosseau, supra; McDougald v. Dawson*, 30 Ala. 553. The end

proposed to be accomplished by the statutes is, that on the files of the court of probate, at the expiration of nine months from the decree of insolvency, open to the inspection of the personal representative, and of all creditors, every claim entitled to share in the distribution of the assets shall be found; and to avoid the introduction of spurious claims, that each claim shall be verified by the claimant, or by some person who knows its correctness, and that it is due.

The purpose of the statute is to draw within the jurisdiction of the court of probate all claims against the decedent, and all controversies as to the validity of the claims preferred. Yet all is in furtherance of a speedy distribution of the assets to the creditors entitled to receive them. The claimant is required at the peril of the loss of his demand to file it within a prescribed period, and as evidence of his good faith, and of the justice of the claim, it must be verified. The verification is *ex parte*, and is not matter of evidence against the administrator, or other creditors, who may assail the validity and justness of the claim. An opportunity to controvert its correctness by the administrator, or by other creditors, the statute affords. The same policy which demands that within a particular period, the claim should be filed, requires that there should be a period within which the contestation of their correctness should be made. The speedy settlement and distribution of the assets, could not be otherwise promoted.

The statute therefore requires that if no opposition to a claim filed, is made by the administrator, or by any other creditor, within twelve months after the declaration of insolvency, by filing objections thereto in writing, the claim must be allowed.—Code of 1876, §§ 2574–5. The allowance of the claim, in the absence of an objection within the prescribed time, is a right of the creditor secured by the statute.—*Hardy v. Meachem*, 33 Ala. 457; *McNeil v. Mason*, 20 Ala. 772. As to all matters of objection addressed to the validity or justness of the claim, which exist at the expiration of the period prescribed for filing objections, this is the effect of the statute. Though the creditor is entitled to an allowance of the claim free from, or without regard to such objections, the claim is not allowed, it is not sanctioned by the judgment of the court, its amount is not ascertained and declared, until the court renders a decree in favor of the creditor for his rateable proportion of the assets in the hands of the personal representative. After the expiration of the period for filing objections, and before the rendition of this decree, facts

[Thames v. Herbert, Adm'r.]

may occur which are a valid bar to the demand, or which deprive the creditor of all right in equity and good conscience to share in the distribution of the assets. The statute was not designed to prevent such matters, not occurring within the time prescribed for objecting to the allowance of the claim, from being introduced, and when shown, from operating a bar to the claim. The deceased may be liable only as surety, and the principal may pay the debt after the expiration of the prescribed period. Or the creditor may have a security by way of mortgage, or pledge, which he may render available, extinguishing the claim. In either event, if he was allowed to participate in the distribution of the assets, it would not only work injustice, but would defeat the policy which pervades the statute, of securing equality to the creditors. The objections to claims which are unavailable, if not filed within the prescribed period, are objections founded on facts or matters then existing, and not objections founded on matters subsequently occurring, which could not then have been made the ground of objection. Such objections may be interposed at any time before the court renders a decree distributing to the creditor his rateable proportion of the assets.

The objections to the claim of the appellant, were of matters occurring after the period prescribed for filing objections, and if they are well founded—if they constitute a valid defense against the claim, it was the duty of the court to entertain them.

The claim of the appellant is for moneys received by the intestate of the appellee, Herbert, of the *corpus* of the appellant's statutory separate estate, received by the intestate as her husband and trustee. After the filing of the claim, and the expiration of the period for filing objections to its allowance, the appellant filed her bill in equity averring the intestate had used the moneys in the purchase of certain lands and in making improvements thereon. Further averring a sale of the lands by the administrator-in-chief under a decree of the Court of Probate, the payment of the purchase-money to him, and praying that the said purchase-money be declared trust funds and appropriated to the payment of her claims. A final decree was rendered declaring the appellant was entitled to recover said purchase-money, and the same not equalling the claim of the appellant, when paid was to be credited thereon. Payment thereof having been made, on these facts the appellee objected to the allowance of the balance of the claim, and to a decree distributing to the ap-

pellant any portion of the assets in the hands of the administrator. The objection was sustained, and the balance of the claim disallowed. The argument in support of the objection, is, that a pursuit of the proceeds of the sales of the lands, on the ground of a trust, is inconsistent with a claim as a creditor against the assets in the hands of the administrator. It is a rule of very general application, just in its operation and consequences, that a party shall not claim in repugnant rights, and that he shall not take a benefit without bearing the burden which may be incidental to it. But we are unable to see of what application the rule is to these facts, or the repugnancy between the claims the appellant has preferred. When a trustee, or other person standing in a fiduciary relation, employs the trust funds which may be in his hands, in the purchase of lands, and takes the conveyance to himself, the *cestui que trust* may, at his election, charge the trustee personally, or claim the purchase as having been made for his benefit and take the land.—*Tilford v. Torrey*, 53 Ala. 120; 1 Lead. Eq. Cases, 277–8; 1 Perry Trusts, §§ 127–8. If he elects to take the land, of course he could not subsequently, unless the election was made under such circumstances, that a court of equity would not hold him bound by it, assert any claim against the trustee personally. All such claims would be satisfied by taking the land, and the recognition of the purchase as an investment of the trust funds. But if he elects to pursue the trustee personally, he may use his hold on the lands, as a security for the payment of the funds employed in their purchase. If from the land, he obtains satisfaction only in part, there is no greater repugnancy in his pursuing the trustee for the remainder, than there is in the mortgagee pursuing the mortgagor personally for the balance of the debt the property mortgaged may fail to pay. The adoption of the argument of the appellees would enable the trustee to profit by his wrongful acts at the expense of the *cestui que trust,* and would lead to consequences manifestly inequitable. The *cestui que trust* would be compelled to accept whatever injudicious or unauthorized investments of the trust funds the trustee may make, or to relinquish them, and all security they afford, standing in no other attitude than that of a mere creditor, while the trust funds would swell the assets in which all creditors participate. It was a clear equity of the appellant to follow the trust funds into the lands purchased and improved with them by the trustee, and to charge them with the repayment of the trust funds. So, as was declared

[Thornton, Adm'r, v. Moore.]

by the decree of the Court of Chancery, she could pursue in the hands of the administrator the purchase-money he had derived from their sale. Thereby she did not elect to take the lands as having been purchased for her benefit, but simply to charge them with the repayment of the trust funds. Satisfaction in part only having been obtained, for the remainder, as a creditor having exhausted her securities, she was entitled to a rateable proportion of the assets in the hands of the personal representative. The Court of Probate erred in disallowing her claim, and the decree must be reversed, and the cause remanded.

