# Thornton, Adm'r, v. Moore.

*Appeal from Order allowing claim against Insolvent Estate.*

1. *Claims against insolvent estate ; statutes concerning filing of, construed.* The purpose and object of the statute requiring the filing of claims against an insolvent estate, are complied with, when a statement of a claim is filed, which when taken in connection with the affidavit accompanying it, fairly discloses an existing liability preferred against the estate.

2. *Same ; statutes relating to, construed.*—The administrator of a creditor filed as a claim against an insolvent estate, an attorney's receipt for promissory notes made by the insolvent intestate, which described with particularity, the date, makers and payee, the amount and time of payment of each note, and that each bears interest from date. Appended to this receipt, was the affidavit of the administrator, that he believes of his own personal knowledge, that the annexed receipt for claims or notes therein described, for $2008 and interest, to be counted in favor of "the estate" of which affiant was administrator, against the insolvent estate, "is correct, and that the same is justly due and unpaid,"—*held :* This was a substantial compliance with the statute ; the affidavit, fairly interpreted, showing that the claim filed was for the notes, and not upon the receipts, in which they were described.

3. *Defenses, what can not be made, if not presented within twelve months.* Where no objection to the merits of a claim, duly filed against an insolvent estate, is made within twelve months after the declaration of insolvency, all defenses existing or occurring within that period, are barred ; but matters subsequently occurring, which are a valid bar to the demand, or which deprive the creditor, in equity and good conscience, of all right to share in the fund, may be made available at any time before rendition of final decree, declaring the amount of the claim and the rateable proportion of assets to which the claimant is entitled.

4. *Same ; mode of objection.*—The proper mode of objecting to a plea, filed more than twelve months after the declaration of insolvency, seeking to make available against a claim matters of defense arising within that time, is a motion to strike from the files.

5. *Defective verification ; when amendable.*—An insufficient verification to a claim, filed within the proper time, against an insolvent estate, is amendable at any time before final decree.

[Thornton, Adm'r, v. Moore.]

6. *Transferee; when may appear in behalf of claim.*—Where a claim against an insolvent estate has been transferred, before objection filed to its allowance, the transferee may intervene and become the actor, when issues are formed as to its allowance.   (*Overruling in this respect, Miller v. Parker, 47 Ala. 312.*)

7. *Jurisdiction over insolvent estate; what essential to support on direct attack.*—The jurisdiction of the court of probate over an estate as insolvent, can not be sustained on error, unless the report and decree of insolvency appear of record; the existence of these facts can not be presumed from recitals in the orders of the court.

8. *Disqualification of presiding judge; to what extends.*—When the judge of probate is a creditor, having a claim filed against an insolvent estate, he becomes incompetent, not only as to that claim, but as to the entire administration ; and whatever of judicial duty is to be performed in reference to it, must be performed by the register.

9. *Register acting as judge; what record should show.*—When the register in chancery assumes the jurisdiction conferred by statute, where the probate judge is incompetent, the record should affirmatively show the facts which authorize its exercise,—bare recitals in the orders made by him, is an irregular mode of disclosing it.

10. *Motion to dismiss appeal ; when too late.*—A motion to dismiss an appeal can not be entertained, after submission of the cause on the merits, without notice to the appellant, and without affording him an opportunity of remedying the defect.

APPEAL faom Franklin Probate Court.

This was an appeal from an order made on March 2d, 1877, allowing a claim preferred by the appellee, James E. Moore, against the insolvent estate of Thomas E. Winston, of which the appellant, Lewis B. Thornton, was administrator *de bonis non.*

Moore claimed title to the notes by purchase from the administrator of I. H. Walker.   The entry in regard to said claim, in the schedule of claims against the insolvent estate, is as follows :

" A. W. Ligon, administrator of I. H. Walker, files the receipt of attorneys W. L. B. & J. W. Cooper for three several notes made by T. E. Winston *et al.,* due to W. H. Price, administrator of I. H. Walker, and each for $802 70-100, bearing interest from date, and each dated December, 1860. One due 17th December, '61 ; one due 17th December, '62; one due 17th December, '63.   $2,408.16."

On the trial, Moore introduced the receipt, which is as follows :

"FRANKFORT, 17 March, 1869.

"We have this day received of Abner W. Ligon, administrator *de bonis non* of the estate of Isaac H. Walker, three several sealed notes by Thomas E. Winston, John A. Steele, and William A. Peet, each due on its face to Wm. H. Price,

administrator of the estate of Isaac H. Walker, and each for $802 72-100—say eight hundred and two and 72-100 dollars—and bearing interest from date, each dated December, 1860. One due 17th December, 1861; one December, 17th, 1862; and one due 17th December, 1863, which we hold for collection as attorneys.

"W. L. B. & J. W. COOPER."

The affidavit filed with this receipt is as follows:

"Before me S. S. Anderson, judge of probate in and for said county and State, personally appeared A. W. Ligon, who being by me first sworn, deposes and says, that he believes of his own personal knowledge, that the annexed receipt for the claims or notes described therein, for the sum of two thousand and eight and 16-100 dollars, interest to be counted in favor of the estate of Isaac H. Walker, deceased, against the estate of Thomas E. Winston, deceased, is correct, and that the same is justly due and unpaid."

The receipt was filed and affidavit made before the probate judge on the 17th September, 1872.

Moore also introduced the original notes, which corresponded with the description given of them in the receipt, and an affidavit of Ligon, showing that under the order of the Probate Court, he had sold the notes to Moore, who had paid for them. The appellant objected to the allowance of the claim on the grounds, first, that the receipt filed was not a sufficient statement of the claim; second, that the claim was not properly verified, as required by the statute." At the same time, Thornton filed a plea of failure of the consideration of the note, which plea was, on motion of appellee, stricken from the files. It appeared from the plea that the defense relied on accrued in March, 1869.

There is no entry in the record showing any order of the court declaring the estate of Thomas E. Winston insolvent, but several of the orders speak of it as an insolvent estate.

There is no minute-entry affirmatively disclosing the disqualification of James E. Moore, the probate judge, and the transfer of jurisdiction to the register; but the caption of the term in which these orders were made, states that it was an "adjourned term held by Amos A. Moody, register in chancery, on account of the interest of James E. Moore."

After the submission of the cause, appellee moved to dismiss the appeal, on account of irregularities in the bond and certificate.

It is now assigned as error that the court allowed the claim, and struck the plea from the file.

[Thornton, Adm'r, v. Moore.]

WILLIAM COOPER, for appellant.—None of the notes were ever filed by originals or by copies, or otherwise, as required by law.—Code, § 2196; *Fretwell v. McLemore*, 52 Ala. 124; *Jones v. Lightfoot*, 10 Ala. 17. The statute is imperative, and the decisions cited show the imperative necessity of a strict compliance with the law of presentation and verification. The claim, if claim it can be called, was filed by Ligon. And Moore could not become a party, in the manner shown by this record. The plea which the court struck from the files was a good defense, and if defective, it should have been demurred to, and not stricken from the files. It set up a defense which arose after the time for filing objections had elapsed, and so could not be pleaded within twelve months. The statute has no application to defenses arising after the lapse of twelve months.

J. B. MOORE, *contra*.—The plea was properly stricken from the files. No objection to the claim had been made within twelve months, and the statute is imperative that the claim must be allowed, unless the objection is filed within twelve months.—Revised Code, §§ 2202, 2203; 33 Ala. 457; 20 Ala. 772.

The statute declares what shall be a sufficient verification, and it was literally complied with in this case. The presentation of a copy or an abstract, or even notice given of the claim, with the assertion of the liability of the estate, and that he looked to the executor for payment, is sufficient.—2 Stew. 447; 1 Port. 359; 12 Ala. 193; 10 Ala. 17.

BRICKELL, C. J.—1. The motion to dismiss the appeal can not be entertained. It comes too late, after a submission of the cause on the merits, without notice of it to the appellant, and without affording him the opportunity of curing the defects by amendment, as he could have done under the statute.—Code of 1876, § 3931.

2. The statute requires that every claim against an insolvent estate, which is to share in the distribution of the assets, must within nine months after the declaration of insolvency, or after the claim accrues, be filed in the office of the judge of probate, verified by the oath of the claimant, or of some other person who knows its correctness, and that the same is due, or it is forever barred. If an executor, administrator, guardian, or trustee, is the claimant, the verification may be according to his belief. An insufficient verification may be corrected by amendment or proof, at any time before

[Thornton, Adm'r, v Moore.]

final decree.—Code of 1876, § 2568. Objections to the allowances of the claim, are required to be filed within twelve months after the declaration of insolvency, or they can not be entertained.—Code of 1876, §§ 2574–51.

The words of the statute would indicate that the *claim*, that which is asserted to be an existing liability on the estate, should be filed. The effect of the declaration of insolvency, is to draw within the jurisdiction of the court of probate, all claims against the estate, and all controversies as to their validity; and it is the manifest purpose of the statute, that on the files of the court of probate, at the expiration of nine months from the decree of insolvency, open to the inspection of the personal representative, and of all creditors, every claim entitled to share, or which it is claimed shall share in the distribution of the assets, shall be found. It is the duty of the personal representative, and the right of each creditor, to contest the allowance of any and every claim which shall be preferred, if believed invalid, and a full and fair opportunity for an examination and contest of the claims, the statute intends to afford. *Thames v. Herbert, ante*, p. 340. Such however has not been the construction the statute has received. Its purposes are regarded as accomplished, and its terms substantially complied with, when the evidence or statement of the claim as filed, taken in connection with the affidavit verifying it, disclose an existing liability against the estate. A copy of a promissory note, or of a bill of exchange, may be filed, the production of the original being dispensed with, unless objections are interposed to its allowance, and an issue as to its valadity and justness formed.—*Rowdon v. Young*, 12 Ala. 234; *Rutherford v. Br. Bank Mobile*, 14 Ala. 92; *Flinn v. Shackleford*, 42 Ala. 202. A certificate of the clerk of a court in which a judgment had been rendered against the personal representative, substantially describing the judgment, has been declared a compliance with the statute. *Ransom v. Quarles*, 6 Ala. 437. In these, and in other decisions, it has been however declared that enough must appear from the claim, or evidence of it, which may be filed when taken in connection with the affidavit verifying it, to show an existing liability of the estate to the party asserting the claim.—*Cook v. Davis*, 12 Ala. 554; *Hogan v. Calvert*, 21 Ala. 298.

The receipt of the attorneys filed by Ligon, describes with particularity the three notes of the intestate, stating the date, the makers and payee, the amount, and time of pay-

ment of each note, and that each bears interest from date. The affidavit refers to the receipt "for the claims or notes therein described for two thousand and eight 16-100 dollars, interest to be counted in favor of the estate of Isaac H. Walker, deceased, against the estate of Thomas E. Winston, deceased, is correct, and that the same is justly due and unpaid." Adhering to the decisions to which reference has been made, the receipt describing the notes, it must be declared there has been a substantial compliance with the statute; the affidavit fairly interpreted declaring the notes, not the receipt, is the demand preferred, and these *prima facie,* constituting an existing liability against the estate.

3. The allowance of a claim duly filed against an insolvent estate, is a right the statute secures to the creditor, unless objections directed to its merits, are filed within twelve months after the declaration of insolvency.—*McNeil v. Mason,* 20 Ala. 772]; *Hardy v. Meachem,* 33 Ala. 457; *Thames v. Herbert, ante,* p. 340. In this last case it is said: "As to all matters of objection addressed to the validity or justness of the claim, which exist at the expiration of the period prescribed for filing objections, this is the effect of the statute." But if matters subsequently occur, which are a valid bar to the demand, or which deprive the creditor of all right in equity and good conscience to share in the distribution of the assets, the statute does not preclude their introduction, and they may be shown at any time before a final decree is rendered declaring the amount of the claim, and the rateable proportion of the assets to which the claimant is entitled. *Thames v. Herbert, ante,* p. 340.

4. The objection to the claims, in the form of a plea, presented by the appellant, was not filed within twelve months after the declaration of insolvency, and the matter of the objection existed when the claims were filed. This plea was stricken from the files on the motion of the appellee, and we think properly. The proper mode of objecting to pleading not filed within the time prescribed by the rules of the court, or by statute, is by motion to strike from the files. A demurrer would reach only defects apparent on the face of the plea; and would be an admission that it was properly filed. *Powers v. Bryant,* 7 Porter, 9; *Cobb v. Miller,* 9 Ala. 499; *Hart v. Turk,* 15 Ala. 675.

5. This objection having been stricken from the files, the remaining objections were directed only to the time of filing, and the verification of the claim. An insufficient verification is amendable at any time before final decree. The sub-

sequent affidavit of Ligon contains much irrelevant matter, but if this was expunged, it identifies the notes, affirms their validity as claims against the intestate, and negatives their payment, curing whatever of defects may have existed in the original verification. There was no question of fact before the court, not triable by the record and files of the court, and it was not as matter of evidence the affidavit was introduced. It was simply an amendment of the original verification.

6. It is not until objections are interposed to the allowance of a claim, that the proceedings assume the form of a pending suit. When objections are interposed, "the court must cause an issue to be made up between the claimant and the administrator, or the contesting creditor, in the name of the administrator, in which issue the correctness of such claim must be tried as in an action of law against an administrator."—Code of 1876, § 2575. It has been said, it is proper practice for the creditor to declare, and the administrator to plead, as in an action at law.—*Ross v. Ross*, 20 Ala. 104. On all contracts, express or implied, for the payment of money, (other than bills of exchange and other negotiable paper), actions at law must be prosecuted in the name of the party beneficially interested, though he have not the legal title. The proceedings not assuming the form of a suit until objections to the claims are filed, when they do assume that form, it is proper that they should be conducted in the name of the party who if the proceedings were then being instituted in a court of law, would be the proper plaintiff. If the claim has been transferred, the contest should be conducted and the judgment rendered in the name of the transferee, if he have the beneficial interest, and the claim is not a bill of exchange, or other negotiable paper; and if that is the character of the paper, in the name of the party having the legal title. The judgment rendered will be conclusive on the party entitled to sue at law, and to receive the money, the ends of right and justice accomplished, and the uniformity of judicial proceedings preserved. If after the transfer, the proceedings should be conducted in the name of the original claimant, he would be a mere naked trustee, and the beneficial interest would reside in the transferee, apparently a stranger to the record. The policy of our statutes, in all actions upon contracts for paying money, is to introduce as the actor, the party beneficially interested, entitled to receive the money, or to release or discharge the contract. These claims having been transferred to the appellee, before objec-

(23)

[Tankersly v. Pettis.]

tion to their allowance were made, there was no error in permitting him to intervene and become the actor, when issues were formed as to their allowance. The case of *Miller v. Parker*, 47 Ala. 312, so far as it conflicts with these views, is overruled.

7. The jurisdiction of the court of probate over an estate as insolvent, can not be sustained on error, unless the report and decree of insolvency appear of record. The existence of these can not be presumed from recitals in the orders of the court.—*Clarke v. West*, 5 Ala. 117; *McLaughlin v. Nelms*, 9 Ala. 925; *McBroom v. McBroom*, 19 Ala. 173. Beyond recitals in the orders found in this record, there is no evidence of a report, or decree of insolvency, and so far as now appears, the whole proceedings, and the decree from which the appeal is taken, are *coram non judice*. This compels a reversal of the decree under the authority of former decisions.

When the judge of probate by reason of interest, or relationship, is incompetent to discharge any of the duties devolving upon him, the statute requires the register in chancery of the district, to discharge the duty as if he were judge of probate. When the register assumes the exercise of this jurisdiction, the record ought affirmatively to show the facts which authorize its exercise—bare recitals in orders made by him, is an irregular mode of disclosing it.—*Wilson v. Wilson*, 36 Ala. 655; *Hooke v. Barnett*, 38 Ala. 607. When the judge is a creditor, having a claim filed against an insolvent estate, it is not merely the contest of that claim, if any is made, of which the register must take jurisdiction, as this record indicates was the course pursued. The judge becomes incompetent as to the entire administration of the estate, and whatever of judicial duty is to be performed in reference to it, must be performed by the register. It is not necessary to examine critically the present record, with a view of ascertaining, whether it discloses the jurisdiction of the register. If the facts exist, the record should be made to conform to them.

Reversed and remanded.