# Guard *v.* Hale's Adm'r.

*Settlement of Insolvent Estate ; Contest with Creditor.*

1. *Presentation of claims; objections.*—When a claim against an insolvent estate is filed, properly verified, within the time allowed by the statute, and no objection to its allowance is filed within the prescribed time (Code, §§ 2568, 2574), it can not afterwards be rejected and disallowed, on the ground that it was not presented to the personal representative within eighteen months after the grant of letters of administration.

[Guard v. Hale's Adm'r.]

APPEAL from the Probate Court of Greene.

In the matter of the settlement of the insolvent estate of Benjamin W. Hale, deceased, which was declared insolvent on the 13th March, 1877, and against which a claim, properly verified, was filed by Andrew J. Guard, the appellant, within nine months after the declaration of insolvency. On the final settlement, the court sustained objections to the allowance of this claim, and rejected it; to which ruling and judgment the appellant excepted, and he now assigns it as error.

SNEDECOR, COCKRELL & HEAD, for appellants.

BRICKELL, C. J.—On the day appointed for the final settlement of the administration of an estate, and the distribution to creditors, more than twelve months after the declaration of insolvency, the administrator for the first time filed objections to the allowance of a claim, on its face purporting to be a debt of the intestate, which, properly verified, had been duly filed in the office of the judge of probate, within the time prescribed by the statute. The objections were, that the claim had not been presented to the administrator within eighteen months after the grant of administration. The claimant (now appellant) moved to strike the objections from the file, but his motion was overruled; and he not making proof of the presentment of the claim, the objections were sustained, and the claim disallowed.

The statute of non-claim operates a bar to all claims against the estate of a decedent, which are not presented to the personal representative within eighteen months after they accrue, or after the grant of administration. It is the matter of a special plea, and, if not specially pleaded, is waived. The right to plead it is waived, or lost, when, in the course of proceedings in insolvency in the Court of Probate, it is not interposed within twelve months after the declaration of insolvency.—Code of 1876, §2574. When it is properly pleaded, the burden of proving presentment is cast on the creditor.—*Evans v. Norris*, 1 Ala. 511. Yet the statute is express in its terms, that if objections are not made to a claim properly verified and filed, within twelve months after the declaration of insolvency, it must be allowed, *without further proof*. We repeat what we said in *Thames v. Herbert*, 61 Ala. 340—that to all matters of objection, addressed to the validity or the justness of the claim, which exist at the expiration of the period prescribed for filing objections, the effect of the statute is to foreclose all inquiry into them. *Thornton v. Moore*, 61 Ala. 347; *Hardy v. Meacham*, 33 Ala. 457.

[Hudson v. Modawell et al.]

The other question presented by the bill of exceptions will not probably again arise, and it is not necessary to consider it.

Reversed and remanded.