# Christopher v. Stewart.

*Proceedings in Probate Court upon Insolvent Estate.*

1. *Claim against insolvent estate; objection must be filed within the time fixed by statute.*—Objections to the allowance of a claim against an insolvent estate, upon which issue is to be made up between the claimant and the party interposing the objection under the statute, (Code, § 313), must question the merits or validity of the particular claim for matters separate from its status in respect of its filing; and if such objections are not filed within the time prescribed therefor by the statute, after the declaration of insolvency, all defenses existing or occurring within that period are barred.

2. *Same; statute of limitations.*—The statute of limitations does not run against a claim which has been filed against an insolvent estate; hence where an objection to such claim is based on the statute of limitations and is filed after the time prescribed by the statute for filing objections, the bar created by the latter statute is not avoided by a statement annexed to such objection that the objection arose after the claim was filed.

3. *Same; same; what decree will support an appeal.*—Where objections to a claim against an insolvent estate are filed after the time prescribed therefor by statute and are apparently invalid, an order of the probate court, made in advance of the settlement, striking them from the file, will not support an appeal; the order in such case not being within the purview of subdivision 6, section 458 of the Code, or of other statutes, providing for appeals.

4. *Mandamus; when will not lie from Supreme Court to probate judge.*—The Supreme Court has no power to grant a writ of mandamus to the probate judge, when there has been no application to the circuit court or other court having power to grant the writ.

APPEAL from the Probate Court of Etowah.

Heard before the Hon. J. H. LOVEJOY.

[Christopher v. Stewart.]

On August 14th, 1900, R. L. Christopher, as guardian of Viva and Estella Stewart, who were the sole heirs and distributees of J. S. Stewart, deceased, filed a petition addressed to the judge of probate of Etowah county, in which he averred that said J. S. Stewart died in Etowah county on February 14, 1892; that letters of administration were granted upon his estate on May 12, 1892; that on November 3, 1892, said estate was declared insolvent, and on December 18, 1893, an administrator of said insolvent estate was appointed and entered upon the discharge of his duties; that the administrator of said insolvent estate has never made any partial settlement of said estate, and that no order, decree or action had been taken in said insolvent estate from December 18, 1893, up to the time of filing the petition; that said estate consists of personal and real estate; that many claims by alleged creditors were filed against said estate after the decree of insolvency; that these claims consisted of open accounts, stated accounts, notes and judgments, but none of them were ever allowed by the court, and they are now barred by the statute or limitations of three and six years.

It was further averred in the petition as follows: "That petitioner files objections to said accounts, which objections have accrued since the filing of said claims, which accounts and objections are hereto attached and marked 'Exhibit A,' and prays that said exhibit be made a part of this petition; that said objections are such as have accrued after the twelve months allowed for filing objections to such claims under Section 313, Code, 1896; Section 2245, 1886."

The prayer of the petition was that after due notice issued to each claimant, the court state an issue to be made up between each of said claimants and the petitioner to try the correctness of said claim, and on final hearing that said claim be stricken from the file. To each of the claims set out in Exhibit A to the petition, the petitioner filed several grounds of objection. Most of these grounds were that the respective claims were barred by the statute of non-claim or by the statute of limitations of three and six years. To some of the

claims the objection was interposed that they had never been presented to the administrator or filed in the probate court within nine months after the decree of insolvency. In many of the objections to the claims it was stated that "said objection· has accrued since said claim was filed."

The creditors set forth in said petition separately moved the court to strike said petition and the objections from the file, upon the following grounds: "1. The petition shows on its face that the objections to said claims come too late. 2. The petition shows on its face that the estate was declared insolvent on November 3, 1893, and the objections were filed to the claims August 14, 1900. 3. The petition shows on its face that the objections to the claim were not made in twelve months after declaration of insolvency, and that said objections did not accrue after twelve months allowed by law for filing objections to said claims. 4. The statute of limitations is no defense to claims against insolvent estates unless raised by objections filed within time allowed by law. 5. The statute of non-claim is no defense to claims filed against insolvent estates unless raised by objections thereto within time allowed by law.· 6. It does not negative the fact that prior to declaration of insolvency the claims had been duly filed in office of judge of probate as required by section 133 of Code, 1896."

Upon the submission of this motion, the court rendered a decree sustaining the motion, and ordered the petition and objections struck from the file. From this decree the petitioner appeals, and assigns the rendition thereof as error.

In this court the appellant made a motion for a *mandamus* in the event the decree appealed from would not support an appeal; the *mandamus* to be directed to the judge of probate, requiring him to entertain and pass upon the objections filed by the appellant.

P. E. CULLI, for appellant, cited *Hullett v. Hood,* 109 Ala. 345; *McGhee v. Lomax,* 49 Ala. 131; *Thames v. Herbert,* 61 Ala. 340; *Thornton v. Moore,* 61 Ala. 347;

*Carhart r. Clark,* 31 Ala. 396; *Bartol v. Calvert,* 21 Ala. 194; *Moore v. Winston,* 66 Ala. 296; *Chandler v. Wynne,* 85 Ala. 301.

DORTCH & MARTIN, *contra,* cited Code, § 458, subd. 6; § 313; § 3371; *Blake v. Harlan,* 75 Ala. 205; *Cunningham v. Lindsay,* 77 Ala. 510; *Wright v. Dunklin,* 83 Ala. 317; *Chandler v. Wynne,* 85 Ala. 301.

SHARPE, J.—Appellee advances the proposition that an appeal in this case is unauthorized, and we think it is correct. Appellant relies on subdivision 6 of section 458 of the Code, which provides among other things for an appeal "upon any issue as to the allowance of any claim against insolvent estates." The issues so mentioned are those which may be tried under section 313 of the Code whereunder "at any time within nine months [twelve months under the Code of 1886 here governing as to the limitation of time] after the declaration of insolvency, the administrator, or any creditor, heir, legatee, devisee, or distributee may object to the allowance of any claim filed against the estate, by filing objections thereto in writing; and thereupon the court must cause an issue to be made up between the claimant and objector, in which issue the correctness of such claim must be tried as in an action at law, if required; and if it is found for the claimant to the whole amount thereof, the same must be allowed, and such claimant recover the costs of the trial of such issue; but if against the claimant, the claim must be rejected, and the party contesting recovers the costs of the trial of such issue." Objections which under this section must be filed within the prescribed time and which may be litigated thereunder to a final determination are those questioning the merits or validity of the particular claim for matters apart from its status in respect of its filing.—*Carhart v. Clark's Admr.,* 31 Ala. 396; *Bartol v. Calvert,* 21 Ala. 42. Those which go to defaults in filing may be made at any time even on the settlement, for a claim not filed in due time is barred by force of the statute of non-claims and needs not to be contested on special

issues in order to exclude it from participation in the estate. But where the claim has been properly filed a failure to file objections within the time allowed therefor, cuts off the right to contest it except for defenses arising after that time has expired.—*Thornton v. Moore,* 61 Ala. 347; *Thames v. Herbert,* 61 Ala. 340.

The objections stricken by the order here complained of were filed more than six years after the alleged decree of insolvency. Each objection is accompanied by a statement to effect that it accrued after the claim was filed, but these statements do not bring the case within the exception recognized in the cases last referred to since the exception applies only where the matter of objection arose, not merely after the claim is filed, but after the expiration of the time allowed in ordinary cases for filing objections. Of these objections, those based on the ground that claims after being filed, became barred by the general statute of limitations are without merit. As to claims against insolvent estates, the running of that statute is suspended at the time of their presentation.—*Woodruff v. Winston,* 68 Ala. 412. Declaration of this principle is expressly made in the present Code.—Code, §§ 2817, 2818. Usually the place for the adjudication of such claims is in the probate court, to the jurisdiction of which they are drawn by the decree of insolvency and their filing.

What we have written is not by way of reviewing the probate court's action, but to show the objections were not such as issues ought to have been formed on, and that the order striking out the objections was not made in the trial of or in prevention of any issue of any claim within the meaning of the statute providing for appeals.

Appellant submits a motion, to be acted on if the order is held not appealable, for *mandamus* to require the probate court to entertain and pass on his objection. The power of this court to grant original applications for *mandamus* is confined to cases in which no other court has jurisdiction.—Code, § 3826. The probate court is subject to *mandamus* from the circuit court and other courts of like jurisdiction, and for that reason,

[Long v. Campbell *et al.*]

without regard to any other, the writ cannot be granted here.—*State v. Hewlett,* 124 Ala. 471; *Ramagnano v. Crook,* 88 Ala. 450; *State ex rel. v. Williams,* 69 Ala. 311; *Ex parte Pearson,* 76 Ala. 521; *Ex parte Russell,* 29 Ala. 817.

Let the attempted appeal be dismissed, and the motion for *mandamus* be overruled.