146 So. 384

### FLEMING et al. v. KIRKLAND et al.
### 3 Div. 34.

Supreme Court of Alabama.
Jan. 19, 1933.

Rehearing Denied March 9, 1933.

Hugh M. Caffey, Jr., of Brewton, and C. E. Hamilton, of Greenville, for appellants.

Herbert D. Finlay, Jr., and Leon G. Brooks, both of Brewton, for appellees.

224

BOULDIN, Justice.

The appeal is from a decree sustaining demurrers to a bill in equity.

The averments of the bill, so far as essential to a consideration of the questions presented for review, may be summarized as follows:

Complainants are general creditors of the estate of George W. Kirkland, deceased, suing in behalf of themselves and other creditors similarly situated. Complainants' demands were duly presented.

The real estate of said decedent consisted of two parcels: One, a house and lot in the village of Alco, occupied as a homestead at the time of his death; the other, a farm of some 120 acres.

In June, 1926, two creditors of the estate instituted suits at law to establish and enforce materialmen's liens on parcel No. 1, the residence property. The administratrix was made party defendant to these suits; the heirs at law were not. The suits proceeded to judgments declaring liens in 1927. On the same date these suits were begun the administratrix filed a report of insolvency of the estate.

No proceedings to any hearing or decree on this report were ever had. Nor was there any effort to enforce the judgments in favor of the materialmen until certain decrees in equity, now to be noted, were entered.

In April, 1931, these materialmen filed new suits in equity to enforce their materialmen's liens, making Maggie M. Kirkland, widow of the decedent, individually and as administratrix of his estate, and also his heirs at law, parties respondent.

All respondents, by agreement, accepted service, waived the statute of limitations, and consented to decrees granting relief. Thereupon, in pursuance of these decrees, and upon orders of sale issued from the law side of the court on the old judgments, the homestead property was sold and purchased by a trustee for the complainant materialmen.

After the rendition of these latter decrees, the administratrix filed a new report of insolvency, and, as widow of decedent, interposed a claim to the other tract, the farm land, as a homestead.

It is averred the suits in equity were collusive, intended to prefer the materialmen, sought to revive liens long lost or barred under the six-month statute (Code 1928, § 8855) within which mechanic's lien suits must be brought; that the personal property was practically all consumed in exemptions allowed the widow; that, these collusive proceedings being out of the way, the estate is solvent; but, if permitted to stand, general creditors will be cut off with nominal dividends.

The bill prays, first, for removal of the administration into equity. It is sufficient as a statutory proceeding for that purpose. The further prayer is to avoid and vacate the decrees in equity for the enforcement of materialmen's liens, to declare the property free from such liens, and subject same to the payment of the demands of general creditors of the estate.

The special demurrers challenged the equity of the bill as relates to the decrees in equity in favor of the lienors and the right of creditors to assail them in this suit in equity.

The trial court took the view that general creditors were not necessary or proper parties in the proceedings to enforce the mechanics' liens, and they have no standing in equity to assail them, whatever may be their remedy on the bond of the administratrix.

The questions raised on this appeal are well stated by appellants' counsel in the opening paragraph of argument by brief, as follows: "In so far as this appeal is concerned, the sole question for decision is the validity or invalidity of certain decrees formerly rendered by the court establishing materialmen's liens upon the property of a decedent to the prejudice of the general creditors of the estate. It is our insistence that these decrees are void for any one of the following reasons. First, no provision is made by our statutes for perfecting such lien when the

land owner dies before the work is completed or the debt matures. Second, no statutory lien may be perfected after the land owner dies and his estate has been reported insolvent. Third, a decree establishing such lien when the complaint shows on its face that the inchoate right of lien was lost more than five years before the institution of the suit is a nullity. Fourth, a collusive decree whereby two of the creditors of an estate are given preference over the other creditors is violative of Section 8038 of the Code of Alabama of 1923, and expressly declared void."

▌ That materialmen's liens survive the death of the owner of the property, and may be enforced by suit brought within proper time after his death, we consider clear from our statutes. Code, §§ 8845, 8856, 8857; Hughes v. Torgerson, 96 Ala. 346, 11 So. 209, 16 L. R. A. 600, 38 Am. St. Rep. 105.

▌▌ Nor are such liens of the class which are dissolved by a declaration of insolvency of the estate of the owner. They are liens declared by law as a protection to those whose labor and material have brought the building or improvement into being. They arise from contract, the law being written into such contracts.

Execution or judgment liens, given merely in aid of enforcement of the collection of ordinary debts, are of a different class. This latter class is vacated when the estate is declared insolvent, and its assets become a trust fund for the payment of creditors share and share alike. Long, Adm'r, v. King, 117 Ala. 423, 431, 23 So. 534.

Dealing with the question of waiver of the six-month statute within which suits to enforce materialmen's liens must be brought, and consent to the decrees in equity enforcing such liens, appellees insist that, for aught appearing, these liens were just charges on this property at the time of decedent's death; that, by failure to make the heirs, owners of the property, parties to the enforcement proceedings at law, those judgments were ineffectual (Hughes v. Torgerson, supra); that by the consent proceedings in equity the lienholders were decreed what was justly due them; that the six-month statute is a short statute of limitations which may be waived. This latter proposition, as applied to the owner of the property, is sustained by Garrison v. Hawkins Lumber Co., 111 Ala. 308, 20 So. 427, and Jefferson County Savings Bank v. Ben F. Barbour P. & E. Co., 191 Ala. 238, 68 So. 43.

Appellants challenge these decisions as unsound, out of harmony with the decisions generally, including our own in dealing with similar statutes, to the effect that, where a statutory right of action is created, enforceable by action brought within a stated time, the right of action, not the remedy merely, is lost, unless suit is brought within the time stated. Certain cases, such as Reeder v. Cox, 218 Ala. 185, 118 So. 338, followed in First Avenue Coal & Lumber Co. v. Rimer, 222 Ala. 545, 133 So. 589, are cited as opposed to the above cases.

We find no occasion to consider this question. Assuming as the law that the six-month statute is a statute of limitations which must be pleaded, or else is waived, and further noting the much broader proposition that persons sui juris may enter into consent decrees affecting their personal or property rights as they may elect, such concession does not meet this situation.

This case involves the authority of an administratrix to waive such statute, thus rendering the estate insolvent, and depriving the general creditors of assets to which they are otherwise entitled.

▌ True, creditors are not proper parties to mechanics' lien suits of this class; this because the personal representative, a law appointed trustee, is there to protect their interests.

▌▌ It is elemental law that, in the absence of personalty, the real estate of a decedent subject to exemption and dower rights becomes assets for the payment of his debts. It descends to the heir burdened or charged with such debts to be affected through processes of administration. The personal representative holds personal assets in trust, first, for the creditors, and, secondarily, for distributees; as to real estate, the position of the personal representative is antagonistic to the heir, because he represents creditors. The existence of debts, chargeable against the lands, is the essential ground upon which the administrator's power over lands exists.

So it becomes apparent that the right of a person to deal with his own does not carry authority to an administrator, a trustee, to dispose of assets at his option, to the prejudice of those he represents.

So, dealing with our six-month statute as a statute of limitations, we observe that in our early history an administrator was not required to plead the statute of limitations when sued upon debts of his intestate involving only personal assets, provided, in good faith, he found it to be a just demand. But, by present statute, an administrator is expressly forbidden to pay, and denied a credit, for payment of any moneys of the estate on a demand barred by the statute of limitations during the life of decedent. Code, § 5824.

It has never been the law of Alabama that an administrator could charge the lands of a decedent with the payment of debts barred by the statute of limitations. That he cannot has been consistently followed from our early history. Bond's Heirs v. Smith, Adm'r, 2 Ala. 660; Pollard v. Scears' Adm'r, 28 Ala. 484, 65 Am. Dec. 364; Steele v. Steele's Adm'r, 64 Ala. 439, 455, 38 Am. Rep. 15.

■ Without prolonging the discussion, we conclude the administratrix was without authority to waive the six-month statute, and, long after these liens were lost, or barred, enter into a consent decree fastening a lien or incumbrance on lands of the estate, and so depleting the assets of the estate available to the creditors she represented. However fairly intended, this was a breach of trust.

Section 8038 of the Code deals primarily with collusive judgments entered into by the debtor in fraud of his creditors. It is declaratory of generally recognized equitable principles.

The jurisdiction in the case before us is referable to the plenary powers of the court of equity in the administration of trusts and the protection of all those who have a beneficial interest in the fund or assets being administered.

We expressly limit this decision to the equity of the bill to avoid the collusive decrees in equity in so far as they affect the rights of creditors.

No question of the liability of this home place, or some interest therein, to the payment of debts of the decedent, is raised or decided.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.