20 So.2d 715

## JONES et al. v. BASWELL.

### 7 Div. 813.

Supreme Court of Alabama.

Feb. 1, 1945.

Embry & Weaver, of Pell City, for appellants.

Rains & Rains, of Gadsden, for appellee.

FOSTER, Justice.

The purpose of the bill to which demurrer was overruled is not only to sell land for division, but it is also for a distribution of the personal assets of a decedent among the distributees. It alleges that there has been no administration on the estate. Decedent is alleged to have died November 13, 1932. It does not allege that there are no debts against the estate.

We have a long line of cases analyzed and reaffirmed in Fretwell v. McLemore, 52 Ala. 124, and again in Teal v. Chancellor, 117 Ala. 612, 23 So. 651, referring to the fact that the legal title to personal assets of a decedent vest in the personal representative of a decedent, and in no one else, though there is no personal representative appointed; but "that a court of equity will dispense with an administration, and decree distribution directly, when it affirmatively appears, that, if there was an administrator, the only duty devolving on him would be distribution. Then administration is regarded as 'a useless ceremony.'" They held that this is not true when there are debts to be paid. In all the cases which permit such distribution without an administration, there is a precise allegation of the existence of no debts. Williams v. Anthony, 219 Ala. 98, 121 So. 89.

This principle does not have application to the sale of lands for division, including the allotment of homestead and dower, because the title to land vests in the heirs and not the personal representative.

It had been over ten years since the death of decedent, when the bill was filed. In computing the statute of limitations against claims of the creditors of a decedent, if there be deducted six months under section 53, Title 7, Code, since letters were not issued within six months; also six months under section 29, Title 7, Code, in which an administrator is not suable, all claims would still be more than ten years old if they matured during the life of decedent. Section 220, Title 61, Code, prohibits an administrator from paying a debt which was barred by the statute of limitations at the time of the death of decedent. The denial of discretion by the administrator in respect to pleading the statute referred to in May v. Mathers, 233 Ala. 654, 172 So.

412

907, has reference to debts barred at the time of the death of decedent and under the influence of section 220, Title 61, Code.

But there seems to be no statute which affects the power of an administrator under section 40, Title 7, Code, in respect to the statute of limitations as to a claim not then completely barred, insofar as the personal property of decedent may be affected. Steele v. Steele's Adm'r, 64 Ala. 438, 38 Am.Rep. 15; Townes v. Ferguson, 20 Ala. 147.

Upon that theory an administrator has a discretion whether he will plead the statute of limitations, unless that discretion is cut off by section 220, Title 61, Code, when applicable. We seem to have no case which holds that notwithstanding that statute an administrator may or may not plead the statute of limitations to a claim not completely barred at the death of decedent, but has since become barred.

Since the bill makes no allegation about debts, the presumptions are against complainant on demurrer raising the point, unless the facts alleged support the conclusion that there are no such debts as the only reasonable inference to be drawn from them. But they are consistent with the existence of debts not barred, or if barred that an administrator may in his discretion waive the bar, unless they are controlled by section 220, Title 61, Code.

The same reasoning applies to that aspect of the bill which seeks an accounting and discovery. If it shows that complainant has no right to maintain a suit for the recovery of the assets for which an accounting and discovery are sought, it shows an absence of right to the accounting and discovery. If there are debts of the estate which are alive and chargeable against it, complainant cannot have relief after the accounting and discovery have been accomplished, without an administrator to represent the legal title and incidents of administration. The demurrer in one ground was directed to that failure of averment in the bill. No amendment cured it, though in the pleading attention was invited specifically to that omission. The demurrer was improperly overruled, and one is here rendered sustaining it. Complainant is allowed thirty days in which to amend.

Reversed, rendered and remanded.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.