27 So.2d 623

### ELLIOTT v. FIRST NAT. BANK OF BIRMINGHAM.

**6 Div. 280.**

Supreme Court of Alabama.

June 13, 1946.

Rehearing Denied Oct. 24, 1946.

McEniry, McEniry & McEniry, of Bessemer, for appellant.

Graham, Bibb & Wingo, of Birmingham, for appellee.

LAWSON, Justice.

The appeal in this case is from an order of the probate court of Jefferson County allowing claims filed by appellee, as trustee, against the insolvent estate of E. M. Elliott, deceased, and granting appellee's motions to strike appellant's objections to said claims.

Mr. E. M. Elliott died testate on or about the 5th day of May, 1939. On May 16, 1939, petition for probate of the will was filed by A. Barnes Elliott. The will was admitted to probate on or about June 1, 1939, and on the same day letters testamentary were granted to Minnie B. Elliott, A. Barnes Elliott, and E. M. Elliott, Jr.

Within six months from the date on which letters testamentary were granted, appellee, as trustee, filed the several claims here involved against the estate of the said E. M. Elliott, deceased. Section 211, Title 61, Code 1940. On August 25, 1942, report of insolvency was filed. Sections 382, 383, 384, Title 61, Code 1940. Thereafter on September 29, 1942, the probate court of Jefferson County declared the estate of the said E. M. Elliott, deceased, to be insolvent. Sections 385, 386, 389, Title 61, Code 1940. Letters of administration on the insolvent estate of E. M. Elliott, deceased, were on May 15, 1943, granted to appellant, A. Barnes Elliott. Sections 397, 399, Title 61, Code 1940.

Thereafter no action was taken by appellant, administrator of the insolvent estate, with regard to the several claims of appellee, as trustee, until on or about the 12th day of June, 1944, when he filed in the probate court objections to such claims on the ground that the said claims were barred by the statute of limitations of six years at the time of the death of the said E. M. Elliott and that payment of the said claims was not expressly directed by the will of the testator. Section 220, Title 61, Code 1940.

Appellee filed its several motions to strike these objections on the ground that they were not filed within six months after the declaration of insolvency. Sections 406, 407, Title 61, Code 1940.

All such motions were heard together and the probate court on July 13, 1944, entered an order granting appellee's motion to strike the objections of the administrator for the reason that the said objections were not filed within six months after the date on which the estate was declared insolvent. The probate court further ordered that the claims filed by appellee, as trustee, against the said insolvent estate should be allowed.

We are not here called upon to pass upon the question as to whether or not the claims of appellee were in fact barred by the six-year statute of limitations at the time of the death of E. M. Elliott, or whether his will is subject to the construction that it expressly provided for the payment of such claims. However, for the purposes of this appeal, we consider the following material facts to be established: The claims of appellee were barred by the statute of limitations at the time of the death of E. M. Elliott; that the will did not expressly provide that such claims be paid; that the claims were duly filed and that no objection to their payment was interposed by the administrator within six months after the date on which the estate was declared insolvent.

As we view this case, the single question here presented for our consideration is whether or not § 220, Title 61, Code 1940, has application to insolvent estates. Said section is as follows: "No claim against the estate of a decedent whether in favor of the personal representative or any other person, which was barred by the statute of limitations at the time of the death of such decedent, shall be paid by or allowed to the personal representative, unless the payment of such claim be expressly directed by a testator in his will."

█ If § 220, Title 61, supra, does have application to insolvent estates, it was not encumbent upon the appellant, administrator, to file objections to the payment of such claims within six months from the date on which the estate was declared insolvent. They would be barred. He could not by any act of commission or omission make them legal charges against the estate. He would have no discretion as to the payment of such claims.

In the case of Fleming v. Kirkland, 226 Ala. 222, 223, 146 So. 384, 386, this court said: "So, dealing with our six-month statute [§ 8855, Code 1923; § 42, Title 33, Code 1940, Limitation on Mechanic's Lien] as a statute of limitations, we observe that in our early history an administrator was not required to plead the statute of limitations when sued upon debts of his intestate involving only personal assets, provided,

in good faith, he found it to be a just demand. But, by present statute, an administrator is *expressly forbidden* to pay, and denied a credit, for payment of any moneys of the estate on a demand barred by the statute of limitations during the life of the decedent. Code, § 5824 [§ 220, Title 61, Code 1940]." (Emphasis supplied.) To like effect are the decisions in the cases of Walsh v. Walsh, 231 Ala. 305, 164 So. 822; May v. Mathers, 233 Ala. 654, 655, 172 So. 907; and Jones v. Baswell, 246 Ala. 410, 20 So.2d 715.

Appellee insists that the cases above referred to and quoted from are not here controlling for it does not appear that insolvent estates were there involved. But the language there used is broad and comprehensive and there is nothing to indicate in any of them that the court entertained any doubt as to the all-inclusive character of § 220, Title 61, Code 1940.

It is contended by appellee that the procedure and requirements for administration of insolvent estates have always necessarily been different and entirely separate under our statutes from solvent estates; that the terms and provisions of §§ 406 and 407, Title 61, Code 1940, are here controlling and that they are not in any way affected by the provisions of § 220, Title 61, Code 1940. Section 406, Title 61, supra, is as follows: "If no opposition is made, in the manner hereinafter provided, within six months after the time when the estate was declared insolvent, such claim must be allowed against the estate without further proof." The pertinent part of § 407 is as follows: "At any time within six months after the declaration of insolvency, the administrator, or any creditor, heir, legatee, devisee, or distributee, may object to the allowance of any claim filed against the estate by filing objections thereto in writing; * * *."

█ We have given careful consideration to the cases cited by appellee in support of his contention that claims against insolvent estates must be allowed if not objected to within the time limit prescribed by § 407, Title 61, supra. Hardy v. Meachem's Adm'r, 33 Ala. 457; Thames v. Herbert, Adm'r, 61 Ala. 340; Thornton, Adm'r v. Moore, 61 Ala. 347; Cunningham v.

Lindsay, 77 Ala. 510; Chandler v. Wynne, 85 Ala. 301, 4 So. 653; Christopher v. Stewart, 133 Ala. 348, 32 So. 11. There is no question but what these cases contain correct statements of the law as it existed at the time the decisions were written. However, all of them were decided prior to February 16, 1891, the effective date of the act of the Legislature which is now codified as § 220, Title 61, supra, with the exception of the case of Christopher v. Stewart, supra, which is not here controlling for it was not there contended that the claim was barred by the statute of limitations at the time of the death of the decedent, the contention there being that the claim was barred by the statute of limitations at the time the objection thereto was filed. Of course, the provisions of the 1891 act, § 220, Title 61, supra, have no application to claims other than those which were barred at the time of the death of the decedent.

The provisions of § 220, Title 61, supra, are plain and unambiguous. It is there provided that no claim of the type there dealt with shall be paid by or allowed to the personal representative. The provisions of §§ 406 and 407, Title 61, supra, were on our statute books at the time of the passage of the 1891 act, from which § 220, Title 61, supra, was derived. The Legislature could have expressly provided that its terms should not apply to insolvent estates if it had so desired. But it did not do so. No exception is included in the statute and we do not think that this court can write any into it.

We are of the opinion that § 220, Title 61, supra, applies to solvent and insolvent estates alike. Therefore, under the decisions of this court construing said section, the claims filed by appellee, as trustee, could not be paid by the personal representative. He has no discretion as to their payment. To say that he had to file objections to such claims within the period prescribed by § 407, Title 61, supra, would in effect be a declaration to the effect that he had to plead the statute of limitations. We have expressly held to the contrary. Fleming v. Kirkland, supra; Walsh v. Walsh, supra; May v. Mathers, supra; Jones v. Baswell, supra.

In view of the foregoing we are constrained to hold that the probate court of Jefferson County erred in allowing the claims filed by appellee, as trustee, and in striking the objections interposed thereto by appellant.

No contention is made that the order appealed from will not support an appeal, as was done in the case of Christopher v. Stewart, supra.

However, we deem it advisable to observe that we do not think that case here applicable in view of § 181(5), Title 62, Code of 1940 (§ 5 of Act No. 633, approved July 10, 1940, General Acts 1939, pp. 1000, 1001).

Nor is the decision in the case of State v. Elliott, 246 Ala. 439, 21 So.2d 310, here controlling. The conclusion in that case that the decree of the probate court would not support an appeal was based on § 216, Title 61, Code 1940, as amended (Act No. 324, General Acts 1943, p. 308), which has no application to insolvent estates.

Reversed and remanded.

All the Justices concur.